**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose CORPUZ, Jr., Defendant–Appellant.**

**No. 91–10132.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1991.

Decided Jan. 8, 1992.

Donna M. Gray, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Lawrence L. Tong, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before ALDISERT *, GOODWIN and NOONAN, Circuit Judges.

ALDISERT, Circuit Judge:

This case of statutory construction requires us to interpret a provision of 18 U.S.C. § 3565(a), which provides that when a probationer is found in possession of a controlled substance, "the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence." We must decide whether the term "original sentence" means only the period of incarceration that could have been originally imposed and not any term of probation.

* Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by

The district court read the phrase "one-third of the original sentence" as referring to the term of probation imposed after the initial offense. Jose Corpuz, Jr., the defendant below, has appealed and argues that the phrase refers only to the period of incarceration that could have been imposed under the United States Sentencing Guidelines. We agree with the district court's reading and affirm.

Jurisdiction was proper in the district court based on 18 U.S.C. § 3565(a), governing revocation of probation. We have jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(b), F.R.A.P.

■ The legality of a sentence is reviewed *de novo. United States v. Pomazi,* 851 F.2d 244, 247 (9th Cir.1988).

I.

Jose Corpuz pled guilty to a counterfeiting charge in April 1989. The Sentencing Guidelines placed him in offense level 7, Criminal History Category I. The sentencing table recommended incarceration for one to seven months. The Guidelines give the court discretion to issue a sentence of probation rather than imprisonment in these circumstances. U.S.S.G. § 5B1.1(a)(2). The court accordingly sentenced Corpuz to three years probation.

In October 1990 Corpuz was arrested on a charge of possession of methamphetamine. Subsequent urinalysis revealed traces of the drug. The court held a show-cause hearing on February 11, 1991, determined that Corpuz had violated the conditions of probation by possessing methamphetamine, and revoked probation. The court considered resentencing on the following day.

Revocation of probation is governed by 18 U.S.C. § 3565. The first part of section 3565(a) was enacted as part of the Sentencing Reform Act of 1984:

designation.

**Revocation of probation.**

(a) **Continuation of revocation**—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable—

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1837, 1995 (1984) (codified as amended at 18 U.S.C. § 3565(a)(1), (2)).

Congress augmented this section in 1988 as part of the Anti–Drug Abuse Act, adding the following language which was utilized by the district court in sentencing here:

Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.

Pub.L. No. 100–690, § 7303(a)(2), 102 Stat. 4181, 4464 (1988) (codified at 18 U.S.C. § 3565(a)).

The district court noted the potential ambiguity in the phrase "the original sentence" and discussed the possible meanings at some length. E.R. 23–25. The court read the statute as requiring imposition of a term of imprisonment not less than one-third of the original sentence of probation. Hence, the court sentenced Corpuz to one year in prison.

■ On appeal, Corpuz requests us to rule that the appropriate sentence for this probation violation would be one-third of one to seven months, the period of incarceration recommended under the Guidelines for the original offense.

## II.

We begin our analysis by emphasizing certain aspects of the relevant statutory language here. Congress used the phrase "original sentence"; it did not say "original period of incarceration," nor did it say, as set forth in section 3565(a)(2), "any other sentence that was available ... at the time of the initial sentencing." We then proceed to inquire whether a period of probation is considered a "sentence," and if so, whether there is any persuasive evidence in the legislative history of the Anti–Drug Abuse Act of 1988 indicating that Congress did not intend that a sentence of probation be contemplated in applying the 1988 amendment to section 3565.

### A.

Probation in the federal system traditionally had been directed toward rehabilitation, rather than punishment. "It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the [prison] sentence might make less probable." *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932). The Federal Probation Act of 1925 was phrased in a manner indicating that probation was not a sentence but rather an alternative to resentencing. The Act gave district courts the power "to suspend the imposition or execution of sentence and to place the defendant upon probation." 43 Stat. 1259, *quoted in United States v. Murray*, 275 U.S. 347, 352–53, 48 S.Ct. 146, 147, 72 L.Ed. 309 (1928).

But basic changes took place when Congress unified the sentencing system for federal crimes by enacting the Sentencing Reform Act of 1984. The Act included changes in section 3561 of Title 18, which authorizes the federal courts to impose probation rather than imprisonment in some circumstances. As stated in the Committee Report accompanying the bill, "Proposed 18 U.S.C. § 3561, unlike current law, states that probation is a type of sentence rather than a suspension of the imposition or exe-

cution of a sentence." S.Rep. No. 225, 98th Cong., 2d Sess. 88 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3271.

■ The proposed statute, which was enacted into law, clearly states, "A defendant who has been found guilty of an offense may be sentenced to a term of probation...." 18 U.S.C. § 3561(a). Related sections are replete with references to "a sentence of probation." Moreover, the appropriate conditions and length of probation are to be determined with reference to the same goals that guide the court in deciding the proper prison term. *Id.* § 3563(b). These factors include the need to impose just punishment, to deter future criminal conduct and to protect the public from future crimes by the defendant. *Id.* § 3553(a)(2). Although rehabilitation is also a goal of sentencing, probation is no longer yoked to this priority. Penologically and semantically, probation is a sentence under the Sentencing Reform Act. It is no longer an alternative to sentencing; it is a sentence in and of itself.

Moreover, Corpuz has not directed us to any aspect of legislative history of the Anti–Drug Abuse Act of 1988, nor has our original research disclosed any Congressional intent to exclude a sentence of probation when interpreting the reference in section 3565(a) to "one-third of the original sentence." We therefore find no error in the district court's resentencing of Corpuz on the basis of the original sentence of probation. We note that this schema is also used in language Congress added to 18 U.S.C. § 3583(g) as part of the same Anti–Drug Abuse Act of 1988: "If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." Pub.L. No. 100–690, § 7303(b)(2), 102 Stat. 4181, 4464 (1988) (codified at 18 U.S.C. § 3583(g)).

### III.

We recognize that at first glance our holding may appear to be at odds with the decision of the Court of Appeals for the Fourth Circuit in *United States v. Alli*, 929 F.2d 995 (4th Cir.1991). The defendant in that case was subject to 6 to 12 months imprisonment for the initial offense, and the district court imposed three years probation. When cited for probation violations, the defendant submitted urine samples showing traces of cocaine. The district court revoked probation and sentenced the defendant to 15 months imprisonment. *Id.* at 995–96. The court of appeals reversed and held that the sentence of incarceration for probation violations could not exceed the recommended term under the Guidelines for the original offense. *Id.* at 998.

This ruling does not conflict with our decision here, because on careful analysis it is clear that the Fourth Circuit was interpreting a different subsection of section 3565(a). It bears emphasis that in the case before us, the district court applied the subsection of section 3565(a) added by the 1988 Anti–Drug Abuse Act:

> Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court *shall* revoke the sentence of probation and *sentence the defendant to not less than one-third of the original sentence.* (Emphasis supplied)

In the *Alli* case, the district court utilized a subsection that was part of section 3565(a) as originally enacted in 1984, creating a distinction *with* a difference:

> (a) ... If the defendant violates a condition of probation ... the court *may* ... (2) revoke the sentence of probation and impose *any other sentence that was available under subchapter A at the time of the initial sentencing.* (Emphasis supplied)

. Thus, the district court in *Alli* applied subsection (a)(2), the portion of section 3565 that deals with probation violations generally; the district court here applied the 1988 Anti–Drug Abuse Act addition to subsection (a), which is worded differently and deals with a specific type of probation violation, i.e., one in which the defendant is

found by the court to be in possession of a controlled substance. The subsection utilized in *Alli* limits the discretion of the sentencing court to "any other sentence that was available under subchapter A at the time of the initial sentencing." The 1988 amendment, utilized in this case, contains no such limitation and requires a sentence of "not less than one-third of the original sentence." Ironically, the *Alli* district judge could have availed himself of the more specific provision but somehow elected to proceed under the general probation violation provision.

This too must be said. The controlled substance provision of section 3565(a) added in 1988 begins with the phrase, "Notwithstanding any other provision of this section...." This prefatory qualifier indicates that the added provision was intended to take precedence over the general language of subsection (a)(2) in cases where the probationer violates probation by possessing a controlled substance. The statute reflects the seriousness with which Congress views illegal drug use by probationers; the 1988 amendment contains the mandatory "shall revoke" probation, rather than the permissive "may" that applies to violations generally under subsection (a)(2), and it sets out a required minimum sentence rather than leaving resentencing entirely to the discretion of the district court.

Likewise, our holding here is not at odds with our earlier decision in *United States v. Foster,* 904 F.2d 20 (9th Cir.1990), where we interpreted the same statutory language relied on in *Alli* to require that "[w]hen imposition of a sentence has been suspended and probation has been revoked, the court may impose only the sentence it originally might have imposed." *See id.* at 21 & n. 1. The same distinctions we apply to *Alli* and *Foster* are also applicable to *United States v. Von Washington,* 915 F.2d 390, 391 (8th Cir.1990) (per curiam), and *United States v. Smith,* 907 F.2d 133, 135 (11th Cir.1990).

## IV.

■ An additional consideration supports the validity of the 12–month sentence imposed here. The Sentencing Reform Act empowers the Sentencing Commission to issue "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation...." 28 U.S.C. § 994(a)(2). These policy statements are not binding but may be considered by the district court in imposing sentence. 18 U.S.C. § 3553(a)(5).

The Commission has issued policy statements concerning resentencing on revocation of probation. United States Sentencing Commission, *Guidelines Manual* § 7B1 (1991). The district court took note of these policy statements and applied them in the present case. The court found that Corpuz violated probation by possessing a controlled substance. E.R. 18. Under the policy statements, an offense that involves a controlled substance and is punishable by more than one year imprisonment is a Class A violation of probation. U.S.S.G. § 7B1.1(a)(1). The Revocation Table included in the policy statements recommends that sentences be based on the seriousness of the probation violation and the defendant's Criminal History Category at the time of the original offense.

The district court evidently determined that Corpuz committed a Class A violation, applied the Revocation Table and found that a sentence of 12 to 18 months would be appropriate. E.R. 25 (citing U.S.S.G. § 7B1.4(a)). We find no error in the district court's application of the Revocation Table.

## V.

The district court's interpretation of 18 U.S.C. § 3565(a) is consistent with all relevant statutory commands and policy statements. The judgment of the district court is AFFIRMED.