UNITED STATES of America, Appellee,

v.

Rick Leroy BYRKETT, Appellant,

No. 91–3808.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided April 24, 1992.

John Sprole, West Des Moines, Iowa, argued, for appellant.

Mary Luxa, Asst. U.S. Atty., Des Moines, Iowa, argued (Linda Reade, Asst. U.S. Atty., on brief), for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge and WOLLMAN, Circuit Judge.

PER CURIAM.

Rick Leroy Byrkett appeals the eight-month sentence imposed by the district court[1] upon revocation of his probation. We affirm.

Byrkett pleaded guilty to forgery of an endorsement on a United States Treasury check, in violation of 18 U.S.C. § 510(a)(1). The district court determined that the applicable Guideline range was 0 to 6 months and sentenced Byrkett to two years' probation. Byrkett subsequently violated the conditions of his probation by possessing a controlled substance, and the district court revoked his probation.

Upon violation of a condition of probation, a district court generally has discretion to revoke probation and sentence the violator to a term of imprisonment within the Guideline range applicable at the time of the initial sentencing. *See* 18 U.S.C. § 3565(a)(2); *United States v. Von Washington*, 915 F.2d 390, 391–92 (8th Cir.1990) (per curiam). As part of the Anti Drug–Abuse Act of 1988, however, Congress limited judicial discretion in cases in which the probationer violates the conditions of his probation by possessing a controlled substance. 18 U.S.C. § 3565(a). In such cases, the last sentence of section 3565(a) requires the court to revoke probation and sentence the violator to at least "one-third of the original sentence."

We must interpret the statute's reference to the "original sentence." The district court concluded that this provision required it to sentence Byrkett to at least eight months' imprisonment, one-third of his two-year term of probation. Byrkett argues that the provision mandates a minimum sentence of one-third of the high end of the Sentencing Guidelines range applicable at the time of initial sentencing (in this case one-third of six months).

Like the district court, the Ninth Circuit has held that section 3565(a) requires a sentence of not less than one-third of the original sentence of probation. *United States v. Corpuz*, 953 F.2d 526, 528–30 (9th Cir.1992). As the Ninth Circuit observed, the phrase "original sentence" logically includes a term of probation because, under the Sentencing Reform Act of 1984, "'probation is a type of sentence.'" *Id.* at 528–29 (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 88 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3271); *see also* 18 U.S.C. § 3561(a) ("[a] defendant who has been found guilty of an offense may be sentenced to a term of probation").

We agree with the Ninth Circuit's analysis. If Congress, in referring to the "original sentence," meant the Guidelines range applicable at the time of the initial sentenc-

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

ing, it would have simply said, "any other sentence that was available ... at the time of the initial sentencing," as it did in section 3565(a)(2) and as it did in section 3565(b), which mandates revocation for violations involving firearm use. We conclude that the last sentence of section 3565(a) mandates a sentence of at least one-third of the original sentence of probation when the probationer violates the conditions of his probation by possessing controlled substances.

The judgment is affirmed.