**UNITED STATES of America**

v.

**Cheryl GORDON, Appellant.**

**No. 91–3605.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 10, 1992.

Decided April 13, 1992.

As Amended April 30, 1992.

K. Kay Shearin (argued), Wilmington, Del., for appellant.

Mary M. McDonough (argued), Asst. U.S. Atty., Wilmington, Del., for appellee.

Before: GREENBERG and COWEN, Circuit Judges, and GREEN, District Judge.*

## OPINION OF THE COURT

COWEN, Circuit Judge.

Under 18 U.S.C. § 3565(a) (1988), a probationer who is found in possession of a controlled substance will be resentenced to "not less than one-third of the original sentence." This appeal requires us to determine whether "original sentence" refers to the original period of incarceration to which the defendant could have been sentenced or the term of probation actually imposed. Because we hold it to be the former, we will vacate the sentence imposed by the district court and remand for resentencing.

### I.

Cheryl Gordon pled guilty in May 1989 to violating 18 U.S.C. § 1703 (1988) by removing a $596.14 check from the mail while working for the United States Postal Service. Under the Sentencing Guidelines then in effect, Gordon could have received a sentence of zero to four months imprisonment, based on a total offense level of four within criminal history category I. U.S.S.G. Ch. 5, Pt. A.[1] Instead, Gordon was sentenced to three years probation, with no suspended sentence of imprisonment.

In June 1990, the district court found Gordon guilty of violating the terms of probation, but continued probation on the condition that Gordon complete an in-house drug rehabilitation program. Although Gordon completed the drug program, she failed to report to the probation office for required urinalysis on eighteen occasions. Two of the urine specimens which she did submit tested positive for cocaine metabolite. In August 1991, the district court revoked Gordon's probation and resentenced her to one year imprisonment, noting:

I'm going to sentence you for your violation for being in possession of a controlled substance and I'm going to revoke the sentence of probation that was imposed by Judge Roth and sentence you to a period not less than one-third of your original sentence, which was three years. In effect, I'm going to imprison you for one year, basically to save your life.

App. at 62.

 The district court's resentencing decision appears to be based on 18 U.S.C. § 3565(a) which specifies:

If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable—

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

*Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.*

(emphasis added). The district court interpreted the term "original sentence" as referring to the three years probation imposed for the initial offense, rather than the period of incarceration originally available, which was zero to four months imprisonment. Thus, the court reasoned that one-third of three years probation was one

---

* Honorable Clifford Scott Green, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Effective November 1, 1989, the sentencing range applicable to Gordon's offense level and criminal history category became zero to six months imprisonment. U.S.S.G.App. C, amend. 270.

year imprisonment. Gordon appeals the revocation of probation and imposition of a custodial sentence. We have jurisdiction under 28 U.S.C. § 1291 (1988). Our review of the district court's interpretation of federal law is plenary. *United States v. Donley,* 878 F.2d 735, 739 (3d Cir.1989), *cert. denied,* 494 U.S. 1058, 110 S.Ct. 1528, 108 L.Ed.2d 767 (1990).

## II.

### A.

At the outset, Gordon contends that her drug use should not have been considered by the district court at the August 1991 hearing, since the probation violation petition did not formally charge her with use or possession of a controlled substance. During the hearing, the district court prohibited the government from amending the petition to include such a charge. However, the court allowed the two positive urine tests and Gordon's admitted drug use to "be taken as evidence" of a probation violation, although the court precluded consideration of the drug use itself. App. at 18. We believe that the district court committed no error as to this issue.

■ This court has stated that drug use indicated by urinalysis is only circumstantial evidence of drug possession. *United States v. Blackston,* 940 F.2d 877, 886 (3d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991). It is worth noting that Gordon did not challenge the positive results of the urinalysis. In fact, she admitted at the hearing that she had used drugs while on probation, constituting a direct violation of the conditions of her probation. Moreover, 18 U.S.C. § 3565(a) does not require that a defendant be formally charged or convicted of drug possession for the conduct to be considered in probation revocation or resentencing. The provision applies whenever "a defendant is *found* by the court to be in possession of a controlled substance." (emphasis added). This language might lead to seemingly harsh results, but it is consistent with

the broad discretion which is traditionally given to district courts to revoke probation when probation conditions are violated. *United States v. Morin,* 889 F.2d 328, 331 (1st Cir.1989); *United States v. Holland,* 874 F.2d 1470, 1473 (11th Cir.1989); *United States v. Rife,* 835 F.2d 154, 156 (7th Cir. 1987); *United States v. Simmons,* 812 F.2d 561, 565 (9th Cir.1987); *United States v. Babich,* 785 F.2d 415, 418 (3d Cir.), *cert. denied,* 479 U.S. 833, 107 S.Ct. 123, 93 L.Ed.2d 69 (1986); *United States v. Young,* 756 F.2d 64, 65 (8th Cir.1985). Indeed, a court can revoke probation when it is reasonably satisfied that the probation conditions have been violated, without the government being required to present proof beyond a reasonable doubt that the defendant committed the alleged acts. *United States v. Taylor,* 931 F.2d 842, 848 (11th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1191, 117 L.Ed.2d 433 (1992); *United States v. Lettieri,* 910 F.2d 1067, 1068 (2d Cir.1990); *United States v. Czajak,* 909 F.2d 20, 22 (1st Cir.1990); *Babich,* 785 F.2d at 418. Here the district court was correct in considering Gordon's positive drug tests as evidence of a probation violation and resentencing Gordon based on her drug use.

■ Our review of the record also convinces us that Gordon had adequate prehearing notice that her drug possession would be considered by the district court. The written probation violation petition satisfied the notice requirement of Rule 32.-1(a)(2)(A) & (B) of the Federal Rules of Criminal Procedure. The petition not only detailed the eighteen occasions [2] on which Gordon failed to appear for required urinalysis but also cited the two positive urine specimens which she submitted on March 13 and March 27, 1991. From this written petition, Gordon should have anticipated that she would be questioned about her drug possession at the probation violation hearing. We have no doubt that Gordon was prepared to address the issue of drug possession, since her counsel even attempt-

---

**2.** The petition listed nineteen dates on which Gordon failed to appear at the probation office, but one of the dates was incorrect.

ed to use the drug issue to justify a more lenient sentence for Gordon.[3]

Therefore, we hold that the district court did not err in considering Gordon's drug possession when it revoked her probation and resentenced her to prison. Having decided that the drug possession could be considered in resentencing, we must now turn to the meaning of the term "original sentence" in 18 U.S.C. § 3565(a).

### B.

In arriving at the one year sentence, the district court relied on the final paragraph of section 3565(a) ("the 1988 drug amendment"), which was enacted as part of the Anti–Drug Abuse Act of 1988, Pub L. No. 100–690, § 7303(a)(2), 102 Stat. 4181, 4464 (1988). The 1988 drug amendment mandates that a probationer found in possession of a controlled substance will be resentenced to "not less than one-third of the original sentence." 18 U.S.C. § 3565(a). At issue in this case is not only the meaning of this language but also its relation to other statutory provisions which govern resentencing after probation is revoked.

As we explained in *United States v. Boyd*, 961 F.2d 434 (3d Cir.1992), there are three different standards for imposing a sentence for a probation violation. The first involves 18 U.S.C. § 3565(a)(2), which states that a court may revoke probation and "impose any other sentence that was available ... at the time of the initial sentencing." The second involves the 1988 drug amendment to section 3565(a), on which the district court in this case relied in imposing a one year sentence. The third standard, which is not involved in this case, is contained in the probation revocation table that is set forth in section 7B1.4(a) of the Sentencing Guidelines.

In the case presently before this court, we are concerned with the apparent tension between section 3565(a)(2) and the 1988 drug amendment, while in *Boyd* we were concerned with the conflict between section 3565(a)(2) and the probation revocation table in the Guidelines. In *Boyd*, we held that following a probation revocation, section 3565(a)(2) only allows the imposition of a prison sentence which could have been imposed for the original crime at the time of the initial sentencing. 961 F.2d at 437. In the case before us, Gordon could have been sentenced originally to zero to four months imprisonment for violating 18 U.S.C. § 1703. We must determine whether the 1988 drug amendment allowed the imposition of a sentence longer than zero to four months when Gordon was resentenced for a probation violation.

The 1988 drug amendment was recently interpreted by the Court of Appeals for the Ninth Circuit in *United States v. Corpuz*, 953 F.2d 526 (9th Cir.1992). In *Corpuz*, the defendant pled guilty to counterfeiting, a crime for which he could have received one to seven months imprisonment. Instead, the defendant was sentenced to three years probation. Corpuz was subsequently arrested for possession of methamphetamine and, following the revocation of his probation, resentenced to one year in prison. Relying on the 1988 drug amendment, the district court reasoned that one-third of three years probation was one year imprisonment. The Ninth Circuit affirmed.[4]

Were we to adopt the Ninth Circuit's interpretation of the 1988 drug amendment, we would find that Gordon was properly resentenced to one year imprisonment, since one-third of three years probation is one year imprisonment. This

---

**3.** Gordon's counsel stated of her client at the hearing:

> She believes that she is dying of cancer.... And a large part of her emotional and mental problem is trying to hide that from herself, is trying to get away from that. The drugs are largely a way to not only keep that out of her mind but also to create another problem that can be dealt with and [that] people will help

her deal with. A year in prison she may not survive. App. at 64–65.

**4.** The Ninth Circuit also justified the district court's one year sentence under the twelve to eighteen month range established by the probation revocation table (section 7B1.4(a)) of the Sentencing Guidelines. *Corpuz*, 953 F.2d at 530.

one year sentence, however, conflicts with the zero to four month sentencing range available originally under section 3565(a)(2). The Ninth Circuit attempted to resolve the conflict between the 1988 drug amendment and section 3565(a)(2) by noting that the two provisions are alternative means of sentencing, since only the former applies when the possession of a controlled substance is involved. *Id.* at 529–30. We believe this interpretation is flawed, and thus we decline to follow *Corpuz.*

*Corpuz* finds significance in the phrase "[n]otwithstanding any other provision of this section" which begins the 1988 drug amendment. The Ninth Circuit noted that "[t]his prefatory qualifier indicates that the added provision was intended to *take precedence* over the general language of subsection (a)(2) in cases where the probationer violates probation by possessing a controlled substance." *Id.* at 530 (emphasis added). We cannot agree that one provision takes precedence over another provision, since it is a fundamental rule of statutory construction that all parts of a statute must be read together. "Only a clear repugnancy between the old law and the new results in the former giving way and then only *pro tanto* to the extent of the repugnancy." *Georgia v. Pennsylvania R.R. Co.*, 324 U.S. 439, 457, 65 S.Ct. 716, 726, 89 L.Ed. 1051 (1945); *see also Morton v. Mancari*, 417 U.S. 535, 550, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974) ("In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable."). Courts should attempt to reconcile two seemingly conflicting statutory provisions whenever possible, instead of allowing one provision effectively to nullify the other provision. Thus, we conclude that a

better reading of the "notwithstanding" clause is that it establishes a "floor" below which the district court cannot resentence despite section 3565(a)(2) otherwise allowing the imposition of *any* sentence within the original sentencing range. In the case now before us, that "floor" would be one and one-third month imprisonment since the original range was zero to four months.

Congressional intent also can be discerned by looking to other parts of the 1988 Anti–Drug Abuse Act. The act refers to "one-third of the original sentence" for probation violations, yet authorizes courts to revoke supervised release for drug possession and "require the defendant to serve in prison not less than *one-third of the term of supervised release.*" 18 U.S.C. § 3583(g) (1988) (emphasis added). The fact that Congress used the term "supervised release" in section 3583(g) but "original sentence" in section 3565(a) is significant, since it suggests that Congress intended to punish violations of supervised release and probation differently.[5] Under our interpretation of the 1988 act, resentencing after the revocation of supervised release is based on the amount of supervised release actually imposed, while resentencing after the revocation of probation is based on the amount of imprisonment which could have been imposed. Furthermore, in ordinary usage, we do not believe that "original sentence" reasonably can be construed as applying to the term of probation actually imposed. *See Immigration and Naturalization Serv. v. Elias–Zacarias,* —— U.S. ——, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992) ("In construing statutes, 'we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used.' ") (citation omitted); *Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct.

---

5. Because of the different language in sections 3565(a) and 3583(g), our decision in this case does not contradict the line of cases dealing with the revocation of supervised release for drug possession under section 3583(g). *See United States v. Lee,* 957 F.2d 770, 771 n. 2 (10th Cir.1992); *United States v. Baclaan,* 948 F.2d 628, 630–31 (9th Cir.1991); *United States v. Blackston,* 940 F.2d 877, 879–80 n. 2 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 611, 116

L.Ed.2d 634 (1991); *United States v. Oliver,* 931 F.2d 463, 465 (8th Cir.1991); *United States v. Ramos–Santiago,* 925 F.2d 15, 18 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 129, 116 L.Ed.2d 96 (1991); *United States v. Kindred,* 918 F.2d 485, 487–88 (5th Cir.1990). We also note that supervised release and incarceration are substantially more similar than probation and incarceration.

479, 482, 83 L.Ed.2d 472 (1984) ("[O]nly the most extraordinary showing of contrary intentions from [legislative history] would justify a limitation on the 'plain meaning' of the statutory language.").

In addition to the plain meaning of the statutory language, we find *Corpuz* to be at odds with both experience and reason, since the decision is premised on the fungibility of probation and incarceration. However, probation and incarceration are like the proverbial apples and oranges. Although both are forms of punishment, their characteristics and objectives are different. These differences should be apparent to judges, as we are sure the practical realities of serving prison time rather than probation are apparent to criminal defendants. For both judges and defendants, there is a genuine distinction *with* a difference. Whatever subtle jurisprudential similarities exist between the two forms of punishment are no doubt irrelevant to most criminal defendants.

Although the primary purpose of incarceration is punishment, the Supreme Court has long held that probation "was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable." *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932); *see also Frad v. Kelly*, 302 U.S. 312, 318, 58 S.Ct. 188, 192, 82 L.Ed. 282 (1937) (describing probation as "a system of tutelage"); *Berman v. United States*, 302 U.S. 211, 213, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) (probation is "concerned with rehabilitation, not with the determination of guilt" and "comes as an act of grace to one convicted of a crime") (citation omitted). More recently, the Court described probation as a form of "conditional liberty."

*Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985); *see also United States v. Beech–Nut Nutrition Corp.*, 925 F.2d 604, 608 (2d Cir.1991) ("Probation does not confer upon a convicted defendant the absolute liberty which ordinary citizens enjoy. Neither is a person on probation a prisoner absent the walls."). Similarly, this court has found that the use of probation as an *alternative* to incarceration dates back to the year 1681. *United States v. Stine*, 646 F.2d 839, 841 (3d Cir.1981); *see also id.* at 841–42 (first state probation statute enacted in 1878; federal probation statute enacted in 1925). To say that the nature of probation is well-settled would be an understatement.

■ In *Corpuz*, the Ninth Circuit acknowledged this traditional view of probation as rehabilitation rather than punishment, but noted that the Sentencing Reform Act of 1984, Pub.L. No. 98–473, ch. II, § 212, 98 Stat. 1987, 1992–95 (1984), transformed probation into a type of sentence like imprisonment.[6] The court noted: "Penologically and semantically, probation is a sentence under the Sentencing Reform Act. It is no longer an alternative to sentencing; it is a sentence in and of itself." *Corpuz*, 953 F.2d at 529. Although the statutory provisions enacted as part of the 1984 act refer to the "sentence of probation," 18 U.S.C. §§ 3561–62 (1988), this is merely a change in form, rather than substance.[7] The fundamental nature of probation remains unaltered after the enactment of the 1984 statute. It is inconceivable to us that Congress intended to modify over three hundred years of jurisprudence through a minor statutory revision.

Even if the phrase "sentence of probation" in 18 U.S.C. §§ 3561–62 has some legal significance, the reasoning of *Corpuz* would still be troubling, since probation time cannot be converted into prison time

---

6. The legislative history of the 1984 act describes the change in wording as follows: "In keeping with modern criminal justice philosophy, probation is described as a form of sentence rather than, as in current law, a suspension of the imposition or execution of sentence." S.Rep. No. 225, 98th Cong., 2d Sess. 88 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3271.

7. Our conclusion that these modifications are semantic and not substantive is bolstered by the fact that the 1984 act also refers to the imposition of a "sentence of fine." 18 U.S.C. §§ 3571, 3572 & 3574 (1988). We are confident that Congress did not intend to equate the paying of fines with imprisonment.

with any mathematical precision. Because probation is by its nature a form of "conditional liberty," a term of probation is likely to be longer than a term of imprisonment. Thus, the Ninth Circuit is forced to engage in legal alchemy to transform three years probation into one year imprisonment under the 1988 drug amendment. Were we to adopt the Ninth Circuit's reasoning that probation is a type of sentence, we would be forced to conclude that one-third of three years probation is one year *probation*, not one year *imprisonment*. This would be an equally implausible interpretation, since the length of a defendant's punishment conceivably could be reduced when she violates the conditions of her probation. Clearly, Congress' goal of curbing drug abuse would be frustrated by such an interpretation.[8]

## III.

In conclusion, we believe the proper way to resentence a defendant following a probation violation for possession of drugs is to revoke probation and impose a sentence not less than one-third of the maximum sentence for the original offense. Because the district court imposed a sentence beyond the permissible one and one-third month to four month range, we will vacate the sentence and remand for resentencing consistent with this opinion.

GREENBERG, Circuit Judge, concurring.

I concur in the result reached by the majority but do not join in the opinion for the following reasons. The petition charging Gordon with violation of probation was predicated upon her failure to report to the probation office as directed and her failure to participate in urinalysis testing. The formal charges were never broadened to

include drug possession, for as the majority indicates, at 429:

At the outset, Gordon contends that her drug use should not have been considered by the district court at the August 1991 hearing, since the probation violation petition did not formally charge her with use or possession of a controlled substance. During the hearing, the district court prohibited the government from amending the petition to include such a charge. However, the court allowed the two positive urine tests and Gordon's admitted drug use to 'be taken as evidence' of a probation violation, although the court precluded consideration of the drug use itself.

It seems to me that, in view of Fed. R.Crim.P. 32.1(a)(2)(A) requiring "written notice of the alleged violation," the decision of the district court not to allow the amendment precluded it from relying on the proviso to 18 U.S.C. § 3565(a) which reads as follows:

Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.

While I do not suggest that a defendant's drug use or possession cannot be considered at a hearing for a violation of probation as bearing on the appropriate disposition, I would hold that a defendant to be subject to the mandatory penalty in the proviso must be charged with a substance possession violation. That, of course, did not happen here.

If the proviso is not considered, then the resentencing would have been subject to 18 U.S.C. § 3565(a)(2), which provides that a

---

**8.** We disagree with the concurrence's suggestion that our interpretation of the 1988 drug amendment might frustrate the amendment's purpose by imposing only a modest prison sentence. A mandatory prison sentence of at least one-third of the maximum sentence available originally is hardly modest when compared to the punishment for other types of probation violations. A

district court faced with a probation violation which is not drug-related has the option to "continue [the probationer] on probation, with or without extending the term or modifying or enlarging the conditions." 18 U.S.C. § 3565(a). Such an option does not exist for drug-related probation violations.

**434**

court may sentence a defendant for a violation of a condition of probation to a sentence which was available at the time of the initial sentencing. Therefore the sentence would, as the majority explains, have a four-month limit. While my result would not require the minimum sentence of one and one-third months the majority finds mandated, I nevertheless can join in the judgment, as any question of the service of that sentence is moot because Gordon served a term of more than four months from when she was incarcerated until we ordered her released following oral argument, and I can discern no collateral consequences from the imposition of the minimum term.

In these circumstances I see no need to consider the meaning of the proviso, and therefore I do not join in the majority opinion with respect to its criticism of *United States v. Corpuz*, 953 F.2d 526 (9th Cir. 1992). I do point out, however, that unless the reference to "one-third of the original sentence" in the proviso to 18 U.S.C. § 3565(a) includes a period of probation, the proviso would certainly have very little impact, as it would require a court to sentence a defendant on probation found in possession of a controlled substance to only one-third of the upper limit of the initially available guideline range. Since probation is available only when the range results in a modest possible period of incarceration, I am afraid that the majority's reasoning may result in frustrating the purpose of the proviso. Finally, I observe that as a simple matter of plain meaning, I do not understand how the term "original sentence" in the proviso can be equated to the maximum available sentence under the guideline range in cases such as this where the maximum available sentence has not been imposed. To me the term "original sentence" means an actual as contrasted to an "available" sentence, the term used in 18 U.S.C. § 3565(a)(2).