**UNITED STATES of America, Plaintiff,**

v.

**Tyrone ROBERSON, Defendant.**

No. 89–10106.

United States District Court,
D. Kansas.

Aug. 4, 1992.

Kim Fowler, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Cyd Gilman, Federal Public Defender, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on a petition for probation revocation. The court held oral argument on various legal issues on July 17, 1992. The relevant facts are as follows. Defendant pleaded guilty to theft of mail by a postal service employee, in violation of 18 U.S.C. § 1709. The guideline sentencing range for this offense was zero to four months imprisonment. On June 29, 1990, the court sentenced the defendant to three years probation. In early 1992, defendant was convicted in the Sedgwick County District Court of several drug related charges (sale of cocaine and no tax stamp). The government now requests that the court revoke the defendant's probation and sentence the defendant to twelve months in prison.

The statute governing revocation of probation provides in pertinent part:

If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent they are applicable—

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.

18 U.S.C. § 3565(a). The final sentence of section 3565(a) was enacted as part of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7303(a), 102 Stat. 4181, 4464.

The defendant does not dispute the factual allegations that he was in possession of a controlled substance. Nor does defendant dispute that the court must revoke probation and sentence him to a period of imprisonment. The issue before the court is whether the term "original sentence" as used in the final sentence of section 3565(a) refers to the original period of incarceration available to the court under the guidelines at the time of the initial sentencing, or to the term of probation actually imposed. The defendant argues the former (requiring a mandatory minimum sentence of at least one and one-third months and a maximum sentence of four months); the government argues the latter (requiring a mandatory minimum sentence of at least one year and a maximum sentence of three years).

■ Case law exists supporting both interpretations of the phrase "original sentence." The Eighth and Ninth Circuits have adopted the position taken by the government. *See United States v. Corpuz*, 953 F.2d 526 (9th Cir.1992); *United States v. Byrkett*, 961 F.2d 1399 (8th Cir. 1992) (adopting *Corpuz* in a brief per curiam opinion). The Third Circuit has adopted the position taken by the defendant. *See United States v. Gordon*, 961 F.2d 426 (3d Cir.1992). The Tenth Circuit has not directly addressed the issue before the court. This court agrees with the Third Circuit's decision in *United States v. Gordon*, and accordingly, the court will sentence the defendant to no more than four months imprisonment upon revocation.

The defendant in *Gordon* was placed on three years probation following her guilty plea to one count of theft of mail by a Postal Service employee. The defendant could have received a sentence of zero to four months imprisonment under the guidelines. Thereafter, the defendant was found in possession of a controlled substance. Upon revoking her probation, the district court sentenced the defendant to one year imprisonment. The Third Circuit reversed and remanded for resentencing, holding that "the proper way to resentence a defendant following a probation violation

for possession of drugs is to revoke probation and impose a sentence not less than one-third of the maximum sentence for the original offense." *United States v. Gordon,* 961 F.2d 426, 433 (3d Cir.1992).

The Third Circuit discussed the Ninth Circuit's decision in *United States v. Corpuz:*

> The 1988 drug amendment was recently interpreted by the Court of Appeals for the Ninth Circuit in *United States v. Corpuz,* 953 F.2d 526 (9th Cir.1992). In *Corpuz,* the defendant pled guilty to counterfeiting, a crime for which he could have received one to seven months imprisonment. Instead, the defendant was sentenced to three years probation. Corpuz was subsequently arrested for possession of methamphetamine and, following the revocation of his probation, resentenced to one year in prison. Relying on the 1988 drug amendment, the district court reasoned that one-third of three years probation was one year imprisonment. The Ninth Circuit affirmed.

> Were we to adopt the Ninth Circuit's interpretation of the 1988 drug amendment, we would find that Gordon was properly resentenced to one year imprisonment, since one-third of three years probation is one year imprisonment. This one year sentence, however, conflicts with the zero to four month sentencing range available originally under section 3565(a)(2). The Ninth Circuit attempted to resolve the conflict between the 1988 drug amendment and section 3565(a)(2) by noting that the two provisions are alternative means of sentencing, since only the former applies when the possession of a controlled substance is involved. *Id.* at 529–30. We believe this interpretation is flawed, and thus we decline to follow *Corpuz.*

> *Corpuz* finds significance in the phrase "[n]otwithstanding any other provision of this section" which begins the 1988 drug amendment. The Ninth Circuit noted that "[t]his prefatory qualified indicates that the added provision was intended to *take precedence* over the general language of subsection (a)(2) in cases where the probationer violates pro-

> bation by possessing a controlled substance." *Id.* at 530 (emphasis added). We cannot agree that one provision takes precedence over another provision, since it is a fundamental rule of statutory construction that all parts of a statute must be read together. "Only a clear repugnancy between the old law and the new results in the former giving way and then only *pro tanto* to the extent of the repugnancy." *Georgia v. Pennsylvania R.R. Co.,* 324 U.S. 439, 457, 65 S.Ct. 716, 726, 89 L.Ed. 1051 (1945); *see also Morton v. Mancari,* 417 U.S. 535, 550, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974) ("In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable."). Courts should attempt to reconcile two seemingly conflicting statutory provisions whenever possible, instead of allowing one provision to effectively nullify the other provision. Thus, we conclude that a better reading of the "notwithstanding" clause is that it establishes a "floor" below which the district court cannot resentence despite section 3565(a)(2) otherwise allowing the imposition of *any* sentence within the original sentencing range. In the case now before use, that "floor" would be one and one-third month imprisonment since the original range was zero to four months.

961 F.2d at 430–31 (footnote omitted).

The Third Circuit's interpretation of section 3565(a) is consistent with Congressional intent underlying the 1988 Anti–Drug Abuse Act. If Congress had intended that the court sentence the probation violator to a term in prison of not less than one-third of the term of probation, Congress could have so specified. In the 1988 Anti–Drug Abuse Act, Congress was able to express its intent clearly with regard to drug-related violations of supervised release: "If the defendant is found by the court to be in possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of

the term of supervised release." 18 U.S.C. § 3583(g). The difference in language suggests that Congress intended to punish violations of supervised release and probation differently. *See Gordon,* 961 F.2d at 431.

The government's position here and the Ninth Circuit's holding in *Corpuz* assume the fungibility of incarceration and probation. Probation differs greatly from a sentence of incarceration. While the primary purpose of incarceration is punishment, probation is aimed at the rehabilitation of a penitent offender. The Sentencing Reform Act did not change the substantive nature of probation. *See Gordon,* 961 F.2d at 432. Given the differences between probation and incarceration, it is difficult to convert probation time into prison time, as the Third Circuit stated in *Gordon:*

> Because probation is by its nature a form of "conditional liberty," a term of probation is likely to be longer than a term of imprisonment. Thus, the Ninth Circuit is forced to engage in legal alchemy to transform three years probation into one year imprisonment under the 1988 drug amendment. Were we to adopt the Ninth Circuit's reasoning ..., we would be forced to conclude that one-third of three years probation is one year *probation,* not one year *imprisonment.* This would be an equally implausible interpretation, since the length of a defendant's punishment conceivably could be reduced when she violates the conditions of her probation. Clearly, Congress' goal of curbing drug abuse would be frustrated by such an interpretation.

*Gordon,* 961 F.2d at 433 (emphasis in original).

Under the government's interpretation of section 3565(a), the court would be required to sentence the defendant to a period of incarceration which is well in excess of what could have been imposed at the time of the initial sentencing. This result would be inconsistent with the guidelines themselves, which dictated a much shorter period of imprisonment for the offense of theft of mail. This result would also be inconsistent with the Sentencing Commission's policy on probation revocation.

The Sentencing Commission has adopted the approach that the purpose of probation revocation is to punish the violator for the breach of trust, rather than to punish the violation as new criminal conduct. The Commission left the punishment for the criminal conduct leading to revocation to the court with jurisdiction over that new criminal conduct. U.S.S.G. Ch. 7, Pt. A3. *See United States v. Boling,* 947 F.2d 1461, 1462 (10th Cir.1991) (Sentencing Commission chose to sanction violation of supervised release as a breach of trust, leaving the punishment for new criminal conduct to the court responsible for sentencing for that new conduct).

A sentence by this court within the original sentencing range serves the purpose of punishing the defendant for the breach of trust inherent in his violations of his probation. The defendant's failure to abide by the conditions of his probation justifies imprisonment for the offense of conviction, as if probation were never imposed. The defendant's new criminal conduct does not justify the imposition of a longer sentence designed to punish that conduct. In the present case, the court with jurisdiction over the new criminal conduct has punished the defendant for that criminal conduct.

▪ Under this court's interpretation, the term "original sentence" must be read in context with the rest of section 3565(a). Since "original sentence" is not defined, it must be read in context with section 3565(a)(2)'s reference to "any other sentence that was available under subchapter A at the time of the initial sentencing." The final paragraph of section 3565(a) provides a floor below which the court cannot sentence. However, the sentence actually imposed must be within the original guideline range.

▪ The court next turns to the applicability of Chapter 7 of the Sentencing Guidelines, which deals with violations of probation and supervised release. In dealing with violations of supervised release and probation, the Sentencing Commission issued policy statements rather than guidelines. *See* U.S.S.G. Ch. 7, Pt. A1; *see also United States v. Boling,* 947 F.2d 1461,

1462 (10th Cir.1991). The policy statements in Chapter 7 are not mandatory or binding, but rather are advisory only. *United States v. Lee*, 957 F.2d 770, 773 (10th Cir.1992). However, the court normally would be required to consider them in determining the appropriate punishment. *See id.* at 774. As the court discusses below, those policy statements are inapplicable to the present case.

 The probation revocation table contained in Chapter 7 of the guidelines indicates a sentence of twelve to eighteen months. U.S.S.G. § 7B1.4 (policy statement). The government argued at the hearing that a twelve month sentence pursuant to 18 U.S.C. § 3565(a) would be consistent with the probation revocation table contained in Chapter 7 of the guidelines. Chapter 7 of the guidelines took effect November 1, 1990. The revocation table was therefore not in effect in June 1990 when the court sentenced the defendant. Generally, a court is required to apply the guidelines, including any pertinent policy statements issued by the Sentencing Commission, that are in effect on the date the defendant is sentenced. *United States v. Saucedo*, 950 F.2d 1508, 1513 (10th Cir. 1991). Since the policy statements concerning probation revocation were not in effect at the time the defendant was originally sentenced to a term of probation, they are inapplicable. *United States v. Maltais*, 961 F.2d 1485, 1487 (10th Cir.1992). The court must impose a sentence that was available at the time of the initial sentencing, when the defendant was originally sentenced to probation. *Id.*

If the court found the revocation table to be applicable, the court would be faced with a conflict between the statute and the table. The statute dictates a sentence of between one and one third and four months, while the table requires a sentence of twelve to eighteen months. The underlying statute controls in the event of a conflict with the revocation table. *United States v. Boyd*, 961 F.2d 434, 439 (3d Cir. 1992).

Counsel for the government argued at the hearing that the court must punish this defendant more severely than other probation violators because of the nature of the probation violation. In the case of probation violations not involving drugs or firearms, the court maintains the discretion to continue a defendant on probation with or without modification of conditions. 18 U.S.C. § 3565(a)(1). However, in the case of drugs or firearms, the statute requires that probation be revoked and that the defendant serve prison time. 18 U.S.C. § 3565(a)–(b). The statute already mandates a more severe punishment for drug-related probation violations.

Defendant concedes that any term of imprisonment imposed upon the revocation of probation must be served consecutively to any other sentence he is serving. The court will hold a hearing on August 14, 1992 at 2:00 for the purpose of sentencing the defendant.

IT IS BY THE COURT THEREFORE ORDERED that the court shall revoke probation and sentence the defendant to a term of imprisonment between one and one-third and four months, consistent with the rulings made in this memorandum and order.