980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Vyhie AVAKIAN, Jr., Defendant-Appellant.
 No. 92-10269.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Dec. 2, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Avakian, Jr. appeals the district court's revocation of his probation and the imposition of a one year term of imprisonment. The district court found that Avakian violated a mandatory condition of probation that requires a defendant "not possess illegal controlled substances." See 18 U.S.C. § 3563(a)(3). The district court determined that Avakian violated this provision by testing positive for methamphetamine and cocaine five times.
 
 
 3
 Avakian contends that the district court erred when it found drug use sufficient to revoke probation under the provision's prohibition of drug possession. This court has already held that repeated positive tests for drug use can support a finding of "possession." See United States v. Baclaan, 948 F.2d 628 (9th Cir.1991).
 
 
 4
 The appellant also contends that the district court erred by imposing a sentence of one year in prison pursuant to 18 U.S.C. § 3565(a), which provides that when a sentence of probation is revoked upon a finding of drug "possession," the court must sentence the defendant to "not less than one-third of the original sentence." The issue is whether the phrase "original sentence" refers to the original applicable Guideline Sentence range or whether it refers to the period of probation originally imposed. We have already determined in this circuit that the district courts should use the original sentence of probation, not the original Guideline range to define the "original sentence" for purposes of calculating the one-third term of imprisonment. See United States v. Corpuz, 953 F.2d 526 (9th Cir.1992). We recognize that there is a circuit split on this issue. See United States v. Gordon, 961 F.2d 426 (3rd Cir.1992). The law of this circuit, however, is clear.
 
 
 5
 AFFIRMED.
 
 WILLIAM A. NORRIS, Circuit Judge, concurring:
 
 6
 While I agree with the majority that Corpuz is binding precedent in our circuit on the question of how we must interpret the term "original sentence" under § 3565(a), I think Corpuz was decided incorrectly.
 
 
 7
 The more sensible approach, in my view, is the one adopted by the Third and Eleventh Circuits, respectively, in United States v. Gordon, 961 F.2d 426 (3rd Cir.1992) and United States v. Granderson, 969 F.2d 980 (11th Cir.1992) (both holding that the term "original sentence" in § 3565(a) refers to the maximum sentence that could originally have been imposed by the court).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3