**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Frank DIAZ, Defendant–
Appellant.**

**No. 92–2158.**

United States Court of Appeals,
Tenth Circuit.

March 22, 1993.

Teresa E. Storch, Asst. Federal Public Defender (Ruth Pregenzer, Asst. Federal Public Defender, on the briefs), Albuquerque, NM, for defendant-appellant.

Steve Kotz, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., and Louis E. Valencia, Asst. U.S. Atty., on the brief), Albuquerque, NM, for plaintiff-appellee.

Before LOGAN, HOLLOWAY, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

■ Appellant Charles Frank Diaz was sentenced to three years of probation after pleading guilty to uttering counterfeit obligations in violation of 18 U.S.C. § 472 (1982). Mr. Diaz subsequently violated the conditions of his probation by using a controlled substance. Pursuant to 18 U.S.C. § 3565(a) (1988), the district court revoked Mr. Diaz' probation and sentenced him to a twelve month term of imprisonment, one-third of his original sentence of probation. Rec., vol. I, doc. 16. Mr. Diaz argues on appeal that the district court erred in using his sentence of probation as a basis for calculating his sentence of incarceration for the probation violation.[1] We agree and reverse.

Section 3565 provides for the revocation of probation as follows:

(a) Continuation or revocation.—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may . . .

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

---

1. Mr. Diaz also argues that the district court erroneously concluded it had no discretion in sentencing him. The court, according to Mr. Diaz, mistakenly believed that it was required to find him in "possession of a controlled substance" for purposes of 18 U.S.C. § 3565(a), contrary to commentary in the sentencing guidelines which gives the court discretion to determine "whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in [section] 3565(a)," U.S.S.G. § 7B1.4, comment. (n. 5). We are persuaded by our examination of the record, however, that the district court was aware of its discretion regarding the finding of possession. Once the court made the finding that Mr. Diaz was in possession of a controlled substance, it correctly noted that it *therefore* had no discretion but to sentence Mr. Diaz to a term of incarceration. Tr. vol. III at 6.

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3565(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.

Mr. Diaz was sentenced under the last sentence of section 3565(a) which was added as part of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7303(a)(2), 102 Stat. 4181, 4361, 4464 (1988) (hereinafter the 1988 Amendment). The district court calculated "one-third of the original sentence" by using Mr. Diaz' three year sentence of probation as the "original sentence" to arrive at one year imprisonment. Mr. Diaz contends that the phrase "original sentence" refers to the term of incarceration to which he could have been sentenced at the time he was sentenced for the crime of uttering false obligations.

The government asserts that the district court correctly sentenced Mr. Diaz to one-third of his original probation, arguing that the 1988 Amendment acts as a condition to a probation sentence. The government also argues that since probation constitutes a sentence, and "original sentence" refers to the actual sentence imposed, a sentence of one-third of a defendant's sentence of probation is therefore appropriate.

Courts faced with this issue have split over the interpretation of the 1988 amendment's reference to "original sentence." Two circuits have concluded that "original sentence" refers to an original sentence of probation. See United States v. Byrkett, 961 F.2d 1399 (8th Cir.1992); United States v. Corpuz, 953 F.2d 526 (9th Cir.1992). Three circuits have interpreted "original sentence" to mean the sentence the defendant could have received when originally sentenced. See United States v. Clay, 982 F.2d 959 (6th Cir.1993); United States v. Granderson, 969 F.2d 980 (11th Cir.1992);

United States v. Gordon, 961 F.2d 426 (3rd Cir.1992). The difference for a defendant in terms of prison time can be significant. Mr. Diaz, for example, originally faced a term of incarceration ranging from zero to six months. The district court's sentence of incarceration of one year is double what Mr. Diaz was exposed to originally.

■ We review interpretations of law de novo. United States v. Maltais, 961 F.2d 1485, 1486 (10th Cir.1992). In interpreting a provision of a statute, it is a "fundamental rule of statutory construction that all parts of a statute must be read together." Gordon, 961 F.2d at 431. Section 3565(a)(2) immediately precedes the 1988 Amendment. Under section 3565(a)(2), "when a court revokes probation, it has the flexibility to structure a new sentence that may include probation, incarceration, fines and supervised release. Section 3565 shows that Congress knew how to give a court flexibility when Congress intended that a court have flexibility." United States v. Behnezhad, 907 F.2d 896, 899 (9th Cir.1990). In contrast, in the 1988 Amendment, Congress emphatically narrowed the court's sentencing discretion by requiring that a *minimum* sentence of one-third of the original sentence be imposed. The 1988 Amendment, implemented as an anti-drug abuse measure, serves as a direction to the sentencing judge that probation *shall* be revoked when probation is violated by a defendant's possession of a controlled substance. The 1988 Amendment thus "establishes a 'floor' below which the district court cannot resentence despite section 3565(a)(2) otherwise allowing the imposition of *any* sentence within the original sentencing range." Gordon, 961 F.2d at 431.

We agree with the government that probation is a sentence under the Sentencing Reform Act of 1984. See Clay, 982 F.2d at 962; Granderson, 969 F.2d at 982; Maltais, 961 F.2d at 1486–87; Byrkett, 961 F.2d at 1400; Corpuz, 953 F.2d at 528–29. We do not agree, however, that a sentence of probation equates to a sentence of incarceration. We emphasize, as have other courts, that probation is a punishment of an entirely different degree than imprisonment. See Clay, 982 F.2d at 962 ("Probation, however, has traditionally been

viewed not as a sentence of punishment, but as a 'period of grace' or as 'conditional liberty.' ") (citations omitted); *Granderson,* 969 F.2d at 984 ("Probation and imprisonment are not fungible."); *Gordon,* 961 F.2d at 432–33 ("Although both are forms of punishment, their characteristics and objectives are different.... [O]ne-third of three years probation is one year *probation,* not one year *imprisonment.*"). "Given [the] traditional understanding of probation, the onus was on Congress to make it absolutely clear where 'sentence' is to refer to a 'sentence of probation,' by including the appropriate modifying prepositional phrase or by making the meaning absolutely clear from the context." *Clay,* 982 F.2d at 962. Congress did not specify that courts are to refer to a defendant's original term of "probation".[2] We agree with those courts which have concluded that "original sentence" in the 1988 Amendment refers to the term of incarceration available at the time of sentencing. This interpretation implements the anti-drug policy of the amendment by requiring a minimum term of imprisonment.

Our interpretation of this provision is in accord with the Supreme Court's enunciation of the policy of lenity in *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). The 1988 Amendment is ambiguous because it is not clear how a sentencing court is to calculate a probation violator's sentence. "When interpreting ambiguous criminal statutes, the rule of lenity comes into play: We 'will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.'" *Granderson,* 969 F.2d at 983 (*quoting Bifulco,* 447 U.S. at 387, 100 S.Ct. at 2252); *see also United States v. Johnson,* 941 F.2d 1102, 1113 (10th Cir.1992) ("rule of lenity requires us to interpret criminal laws so as not to increase the penalty placed on an individual"). In the instant case, Mr.

Diaz was sentenced to twelve months imprisonment based on his original three year sentence of probation. The range of incarceration available to the sentencing court when Mr. Diaz was initially sentenced was zero to six months. A sentence of imprisonment amounting to twice the amount of time permissible under the maximum sentence at the time the offense was committed is harsh. Because Congress did not clearly mandate this result, we follow the rule of lenity and conclude that "original sentence" in the 1988 Amendment refers to the original term of incarceration available under the guidelines at the time of initial sentencing.

We VACATE Mr. Diaz' sentence and REMAND to the district court for resentencing.

---

**2.** Congress has made clear its intention in this regard in another anti-drug abuse provision, 18 U.S.C. § 3583(g) (1988). That statute requires that a defendant who violates supervised release by possessing a controlled substance shall have

his supervised release terminated, and that the court shall "require the defendant to serve in prison not less than one-third of the term of supervised release."