UNITED STATES of America,
Plaintiff–Appellant,

v.

Tyrone ROBERSON, Defendant–
Appellee.

No. 92–3326.

United States Court of Appeals,
Tenth Circuit.

April 9, 1993.

Kim Martin Fowler, Asst. U.S. Atty., Wichita, KS (Lee Thompson, U.S. Atty., with her on the brief), for plaintiff-appellant.

Cyd D. Gilman, Asst. Federal Public Defender for D. Kan., Wichita, KS, for defendant-appellee.

Before ANDERSON, HOLLOWAY and TACHA, Circuit Judges.

PER CURIAM.

The government appeals the four month prison sentence imposed by the district court on defendant Tyrone Roberson in connection with the revocation of Roberson's three year probation sentence for mail theft by a postal employee in violation of 18 U.S.C. § 1709. Following a probation revocation hearing, the court found that Roberson had violated the terms and conditions of his probation. Roberson did not dispute the factual allegations that he had been in possession of a controlled substance. Revocation of probation and imposition of a prison sentence was therefore required pursuant to 18 U.S.C. § 3565(a). *United States v. Roberson*, 805 F.Supp. 879, 882, 883 (D.Kan.1992).

As amended by the Anti–Drug Abuse Act of 1988, § 3565(a) provides that "if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by § 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence." The government contends the court erred in interpreting the phrase "original sentence" in § 3565(a) to refer to the range of incarceration available under the Sentencing Guidelines for Roberson's original crime, i.e., 0–4 months, and that the phrase instead refers to the sentence of probation actually imposed, i.e., three years. Under the government's reading of

the statute, Roberson's minimum prison sentence would have been one year.

The district court's reading of § 3565(a) is consistent with our recent opinion in *United States v. Diaz*, 989 F.2d 391 (10th Cir.1993). There, we held that the term "original sentence" in the statute "refers to the original term of incarceration available under the guidelines at the time of initial sentencing." At 393.[1] Because the district court adopted and applied this reading of § 3565(a) in its sentencing of Roberson, the court's sentence is **AFFIRMED**.

TACHA, concurring in the judgment.

Although I recognize that our decision in *United States v. Diaz*, 989 F.2d 391 (10th Cir.1993), dictates this result, I find the reasoning of the Eighth Circuit in *United States v. Byrkett*, 961 F.2d 1399 (8th Cir. 1992), and the Ninth Circuit in *United States v. Corpuz*, 953 F.2d 526 (9th Cir. 1992), more persuasive.

**1.** This reading of the statute comports with the interpretation endorsed by the majority of the courts of appeals which have addressed the issue. *See United States v. Clay*, 982 F.2d 959 (6th Cir.1993); *United States v. Granderson*, 969 F.2d 980 (11th Cir.1992); *United States v. Gordon*, 961 F.2d 426 (3d Cir.1992). Two circuits have adopted a contrary interpretation. *United States v. Byrkett*, 961 F.2d 1399 (8th Cir.1992); *United States v. Corpuz*, 953 F.2d 526 (9th Cir. 1992).