**UNITED STATES of America**

v.

**BABICH, Gregory Thomas a/k/a Thomas Babich.**

**Appeal of Gregory BABICH.**

**No. 85–3520.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 3, 1986.

Decided March 12, 1986.

George E. Schumacher, Federal Public Defender, and Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., and T. Brent McCune, Legal Intern, Pittsburgh, Pa., for appellee.

Before ALDISERT, Chief Judge, and SEITZ and ADAMS, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Chief Judge.

The major issue presented is whether, pursuant to our supervisory powers, this court should promulgate a rule providing that when a federal probationer is arrested for a state criminal offense, a probation revocation hearing shall not take place until after disposition of the state offense or, alternatively, the probationer shall be granted use immunity if he chooses to testify at the hearing. Appellant Gregory Babich appeals the district court's refusal to grant such relief and urges that we promulgate such a rule. Babich also addresses the merits of the district court's decision to revoke his probation and argues that the district court erred in determining that he failed to comply with the conditions of probation requiring him to notify his federal probation officer if arrested.

### I.

Appellant Babich was subject to the terms of federal probation imposed on June 28, 1982, when he was arrested by local authorities on October 8, 1984, for fraudulently using a credit card. The first condition of his federal probation provided:

> You shall refrain from violation of any law (federal, state, and local). You shall get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer.

App. at 5a. Babich failed to report his arrest to his probation officer in the Western District of Pennsylvania as required by the terms of his parole. Two months after his arrest, however, Babich wrote a letter to the probation office of the Middle District of Pennsylvania, apparently to seek assistance in contacting the probation officer in the Western District of Pennsylvania.

The district court held the final probation revocation hearing prior to the disposition of the state criminal charges on which Babich had been arrested. Babich requested a continuance of the probation revocation hearing until the pending state criminal charges against him were resolved, or, in the alternative, a grant of use immunity for his testimony at the revocation hearing. The district court refused these requests. Babich chose not to testify, and the district court revoked his probation.

### II.

We are not strangers to the major question on appeal. This court in banc decided the precise issue in *United States v. Bazzano* (Mollica, appellant), 712 F.2d 826 (3d Cir.1983) (in banc), *cert. denied sub. nom. Mollica v. United States*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984). A majority held that the district court did not err in failing either to postpone the probation revocation hearing until Mollica's trial on state charges or to grant Mollica use immunity if he chose to testify at the revocation hearing.[1]

The district court considered and rejected the argument presented here: that appellant has a right to delay a probation revocation hearing or, alternatively, to be granted use immunity. Accordingly, we have jurisdiction to notice the contention on review.

Although appellant first argues that he has a constitutional right to such relief, we believe that the postponement of the revocation hearing or the grant of use immuni-

---

1. In *United States v. Bazzano,* Judges Aldisert, Gibbons, Weis, and Garth would have accepted the contentions of the appellant Mollica which, ostensibly, were the same as those of the appellant here. 712 F.2d at 829 n. 2. Judges Seitz and Sloviter would not promulgate a supervisory rule. *Id.* at 841–46, 849. Judge Seitz believed that "the decision whether to postpone probation revocation should be left with the sound discretion of the district court...." *Id.* at 845. Judges Adams, Hunter, and Becker said that the requested supervisory rule "is deficient on three grounds: (a) it is unduly vague and provides insufficient guidance for district courts; (b) it sweeps too broadly and represents a rigid approach in an area better left to the discretion of district judges and probation officials; and (c) it constitutes an improvident use of this Court's supervisory power." *Id.* at 850. Judge Higginbotham would have remanded only for an issue not present here—a fourth amendment suppression hearing. *Id.* at 829 n. 4.

ty is not constitutionally required for the reasons set forth in *United States v. Bazzano*, 712 F.2d at 836–37 (separate opinion, Garth, J.); 842–43 (separate opinion, Seitz, C.J.); 848 (Gibbons, J., dissenting); 849 (Sloviter, J.). We are thus left with the action taken by the full court in *Bazzano*. Clearly, it is binding precedent.[2] Moreover, it is a precedent established by the full court only three years ago. Thus, what the Supreme Court said in *Arizona v. Rumsey*, 467 U.S. 203, 212, 104 S.Ct. 2305, 2311, 81 L.Ed.2d 164 (1984), seems especially appropriate here:

> Petitioner has invited the Court to overrule *Bullington [v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981)], decided only three years ago. We decline the invitation. Although adherence to precedent is not rigidly required in constitutional cases, any departure from the doctrine of *stare decisis* demands special justification. See, *e.g., Swift & Co. v. Wickham*, 382 U.S. 111, 116, 86 S.Ct. 258, 261, 15 L.Ed.2d 194 (1965); *Smith v. Allwright*, 321 U.S. 649, 665, 64 S.Ct. 757, 765, 88 L.Ed. 987 (1944). Petitioner has suggested no reason sufficient to warrant our taking the exceptional action of overruling *Bullington.*

And more recently the Supreme Court has stated:

> Today's decision is supported, though not compelled, by the important doctrine of *stare decisis*, the means by which we ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion. That doctrine permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact. While *stare decisis* is not an inexorable command, the careful observer will discern that any detours from the straight path of *stare decisis* in our past have occurred for articulable reasons, and only when the Court has felt obliged "to bring its opinions into agreement with experience and with facts newly ascertained". *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 412, 52 S.Ct. 443, 450, 76 L.Ed. 815 (1932) (Brandeis, J., dissenting).

*Vasquez v. Hillery*, ⸺ U.S. ⸺, ⸺, 106 S.Ct. 617, 625, 88 L.Ed.2d 598 (1986).[3]

■ After a careful examination of the briefs, we are satisfied that the litigants before us present no contentions that were not carefully treated in the various opin-

---

**2.** A panel of this court is bound by precedents. *Matter of Penn Central Transportation Company*, 553 F.2d 12, 17 (3d Cir.1977) ("A panel of this court cannot overrule a decision of the court in banc...."); *see also* Internal Operating Procedures of the United States Court of Appeals for the Third Circuit:

> **B. Policy of the Court.**
> In order that a panel's decisions may reflect input from the entire court on the law in this circuit, these procedures are designed:
> .    .    .    .    .
> 2. To insure decisional stability of the court by providing a means for the panel system to operate efficiently and at the same time provide that a published opinion of the court expressed by a panel may not be overruled without the approval of a majority of the full court.
> IOP, Introduction at iii.
> **C. Policy of Avoiding Intra-Circuit Conflict of Precedent.**
> It is the tradition of this court that reported panel opinions are binding on subsequent

panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court in banc consideration is required to overrule a published opinion of this court. IOP, Chapter 8c at 25.

**3.** Justice Marshall has explained:

> *Stare decisis* should be more than a finesounding phrase. This is especially true for us, because "unless we respect the ... decisions of this Court, we can hardly expect that others will do so." *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 629, 634, 94 S.Ct. 1895, 1910, 1913, 40 L.Ed.2d 406 (1974) (STEWART, J., dissenting). Accordingly, "[a] substantial departure from precedent can only be justified ... in the light of experience with the application of the rule to be abandoned or in the light of an altered historic environment." *Id.,* at 634–35, 94 S.Ct. at 1913–14.

*Oregon ex rel. State Land Board v. Corvallis Sand & Gravel*, 429 U.S. 363, 394–95, 97 S.Ct. 582, 598–99 (1977) (Marshall, J., dissenting).

ions that accompanied our decision in *Bazzano*. We find no argument, nor have we been furnished empirical data or "facts newly ascertained" that constitute a "special justification" to recommend that a court in banc be convened in this case to depart from the doctrine of *stare decisis*. What remains then is to decide if the district court properly considered and applied the court's mandate in *Bazzano*. We hold that it did.[4] We therefore conclude that the district court was not mandated by the constitution or by rule or decision of this court to postpone the hearing or to grant use immunity under the circumstances.

Turning to Babich's appeal on the merits of the revocation of his probation, we note that his conduct was deficient in several respects. Babich did not contact his probation officer as required. Moreover, his letter to the probation officer of the Middle District of Pennsylvania was sent two months after the arrest and thus did not meet the requirement that notification of arrest be given "immediately".

■ It is well established that the district court has broad discretion to revoke probation if its conditions are violated. *United States v. Hamilton*, 708 F.2d 1412 (9th Cir.1983); *United States v. Rice*, 671 F.2d 455 (11th Cir.1982). The court need only be "reasonably satisfied" that the probationer has violated the terms of his probation. *United States v. Lacey*, 661 F.2d 1021 (5th Cir.1981), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982);

*United States v. Manuszak*, 532 F.2d 311 (3d Cir.1976); *United States v. D'Amato*, 429 F.2d 1284 (3d Cir.1970). Failure to comply with reporting requirements alone may justify probation revocation. *Higdon v. United States*, 627 F.2d 893, 900 (9th Cir.1980); *United States v. Rodgers*, 588 F.2d 651, 654 (8th Cir.1978).

■ Here the district court found that Babich violated the first condition of his probation requiring him to "get in touch immediately with [his] probation officer if arrested". App. at 5a, 30a, 80a. To the extent that appellant's argument is based on narrative or historical facts found by the district court we apply the clearly erroneous rule and will not disturb the trial court's finding; to the extent that his argument is based on a challenge to the trial court's exercise of discretion in revoking probation, we conclude that there was no abuse.

The judgment of the district court will be affirmed.

---

4. On several occasions the district court noted the importance of the in banc decision:

THE COURT: Well, it is not a matter I am going to decide by shooting from the hip, and therefore we will take Mr. White's objection under advisement. We will defer ruling on it until I can examine these positions, particularly in light of my reading this morning of *United States v. Bazzano* at 712 F.2d 826, 1983, the case which produced a divergence of opinions by the Court of Appeals.

We will hear the evidence. If necessary, I may write an opinion on the matter, or, if possible, may be able to rule on it this morning. We will take your objection under advisement. I intend to hear the testimony. If I grant your objection, then the testimony will be excluded.

App. at 21a.

THE COURT: We will defer ruling on your objection until I have had a chance to study *Bazzano* in depth, but I intend to hear the evidence because the witnesses are here today.

App. at 29a.

I have reviewed also the *United States v. Bazzano*, and it is clear that the Court of Appeals has various views concerning this matter, but in light of the affirmance of Judge Cohill in [that] case, I believe the law still remains in this circuit that arrests are matters that a district court may take into consideration in deciding whether there has been a violation of probation.

App. at 80a.