793 F.2d 101
 122 L.R.R.M. (BNA) 2958, 104 Lab.Cas. P 11,890
 MANFREDI, Michael, et ux., Appellants,
v.
The HAZLETON CITY AUTHORITY, WATER DEPARTMENT, Zientek,
Robert L. Resident Manager of Hazleton City Authority, Water
Department, Hazleton National Bank, Trustee of the Pension
Plan of the Hazleton City Authority, Water Department;
Yevak, Robert M., United Steel Workers of America; McKenna,
Jack, United Steel Workers of America; Overa, George M.,
United Steel Workers of America; Nash, Anthony J.,
Chairman, Hazleton City Authority, Water Department; United
Steel Workers of America AFL-CIO-CLC, Local Union 15416;
Casaia, Frederick E., Hazleton City Authority, Water
Department; McBride, Lloyd, International President United
Steel Workers of America; Williams, Lynn R., International
Secretary United Steel Workers of America; McKee, Frank S.
International Treasurer United Steel Workers of America;
Odorcich, Joseph, International Vice President
(Administration) United Steel Workers of America; Lynch,
Leon International Vice-President (Human Affairs) United
Steel Workers of America.
 No. 85-1677.
 United States Court of Appeals, Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
 June 6, 1986.
Decided June 16, 1986.
 
 Bernard Kleiman, Gen. Counsel, Chicago, Ill., of Counsel, Union defendants-appellees, Jack McKenna, George Overa, Lloyd McBride, Lynn R. Williams, Frank S. McKee, Joseph Odorcich, Leon Lynch.
 Mark S. Refowich, Fishbone, Refowich & Scheer, Easton, Pa., for appellee, United Steelworkers of America.
 William W. Warren, Jr., Hourigan, Kluger, Spohrer, Quinn & Myers, P.C., Scranton, Pa., for appellee, Hazleton City Authority Water Dept.
 Henry A. Giuliani, Giuliani & Bernstein, Hazleton, Pa., for appellee, Hazleton National Bank.
 L. Oliver Frey, Gregory J. Pavlovitz, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for appellant.
 Richard J. Brean, Steelworkers of America, Legal Dept., Pittsburgh, Pa., for appellees United Steelworkers of America, AFL-CIO-CLC, Local 15416, Robert M. Yevak, Jack McKenna, George Overa, Lloyd McBride, Lynn R. Williams, Frank S. McKee, Joseph Odorcich and Leon Lynch.
 Before ALDISERT, Chief Judge, and GARTH and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal presents the questions of whether a city authority water department is an "employer" within the meaning of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 152(2), and the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 142(3), and, consequently, whether appellants can maintain a suit against a union local, which represents employees of the water department. We first considered these issues in Crilly v. Southeastern Pennsylvania Transportation Authority, 529 F.2d 1355 (3d Cir.1976), and decided that a political subdivision did not meet the definition of employer. Although appellants raise numerous reasons why we should not accord Crilly precedential effect, we are not persuaded by the arguments, inasmuch as we are bound to follow Crilly. Third Circuit Internal Operating Procedures, Chapter 8(c). We therefore affirm the district court's dismissal of the suit against the water department, a political subdivision, and the union defendants for lack of subject matter jurisdiction.
 
 I.
 
 2
 Appellant Michael Manfredi was an employee of appellee Hazleton City Authority, Water Department. Appellant also was a member of the United Steelworkers of America, AFL-CIO-CLC, Local 15416. Effective January 1, 1982, the Water Department and the local entered into a binding agreement pertaining to a pension plan.
 
 
 3
 Manfredi alleged that his pension was not being computed according to the provisions of the pension agreement, i.e., an improper base rate per month and an inadequate number of years of employment were being used. Consequently, appellant filed a grievance with the union regarding his pension discrepancies. The union did not act on the grievance to Manfredi's satisfaction, nor did the Water Department redress the problem. Manfredi and his wife therefore filed suit against the Water Department, several of its employees, the union local, several of the local's officers, and other parties in federal court (hereinafter referred to collectively as the Water Department or the union) under Sec. 301(a) of the LMRA, 29 U.S.C. Sec. 185(a). Appellants sued the Water Department for breach of the collective bargaining agreement and the collectively bargained for pension plan and the union for breach of the duty of fair representation.
 
 
 4
 The district court dismissed the complaint against the Water Department in October 1985 for lack of subject matter jurisdiction. The district court held that the Water Department did not meet the LMRA's definition of employer because it was a political subdivision.[1] App. at R.41-R.46. In November, the district court also dismissed the complaint against the remaining defendants--the union and its officials. Again, the court based its dismissal on lack of subject matter jurisdiction under Sec. 301(a) of the LMRA. Because the Water Department was not an "employer," Manfredi could not be considered an "employee" of the Department, and therefore the local did not represent "employees."[2] App. at R.62-R.63. Appellants Manfredi and his wife now appeal.[3]
 
 II.
 
 5
 Appellants base their appeal solely on the contention that this court should no longer adhere to the controlling precedent in this case, Crilly v. Southeastern Pennsylvania Transportation Authority, 529 F.2d 1355 (3d Cir.1976). In Crilly, we held that the transportation authority was not an "employer" for purposes of the LMRA because it was a political subdivision. Consequently, we also held that the employees who worked for the authority could not be considered "employees" within the meaning of the Act. We therefore affirmed the dismissal, based on lack of subject matter jurisdiction, of plaintiff's claims against the authority for breach of the collective bargaining agreement and against his union for breach of the duty of fair representation for failure to pursue his grievance to arbitration. Because the determination of whether the district court correctly dismissed appellants' claims, based on Crilly, implicates the interpretation and application of legal precepts, our review is plenary. Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir.1981). See also D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943 (3d Cir.1984) (review of dismissal of complaint as matter of law is plenary).
 
 III.
 
 6
 Appellants' argument that Crilly is "antiquated case law," brief for appellants at 5, is based on both recent Supreme Court opinions and policy considerations.[4] Neither basis for argument convinces us that we are permitted to disregard the precedential effect of Crilly.
 
 
 7
 Appellants contend that two Supreme Court decisions, Bowen v. United States Postal Service, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983), and Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), permit us not to apply the political subdivision exception. Neither case, however, supports appellants' broad reading.
 
 
 8
 In Bowen, appellants contend, the Supreme Court applied the LMRA to activities of the United States Postal Service and the American Postal Workers Union. Far from concluding that the political subdivision exception of the LMRA did not apply to the Postal Service, the Supreme Court instead relied on Sec. 2 of the Postal Reorganization Act, 39 U.S.C. Sec. 1208(b), for jurisdiction. 459 U.S. at 232 n. 2 (White, J., concurring in part and dissenting in part). Although Sec. 2 is identical to Sec. 301 in all relevant respects, the decision in Bowen in no way implicated the LMRA's definition of employer.
 
 
 9
 Appellants' reliance on Garcia is inappropriate for much the same reason. In Garcia, the Supreme Court applied the minimum wage and maximum hour provisions of the Fair Labor Standards Act (FLSA) to a municipal transit authority, expressly overruling prior precedent to the contrary. Appellants maintain that Garcia stands for the proposition that a federal court may construe a federal labor law, not specifically designed to protect public employees, to demand that such employees receive the protection of that law. Brief for Appellants at 15. Appellants fail to mention that Congress amended the FLSA to cover most state and local entities; the LMRA has never been so amended. Thus, Garcia involved constitutional and statutory questions pertinent to the reach of those amendments, and not the wholesale abrogation of a provision specifically mandating noncoverage.
 
 
 10
 The policy grounds on which appellants rely, i.e., the adverse consequences that will flow from a holding that the Water Department is not an employer for purposes of the LMRA, are the identical considerations the court recognized in Crilly. 529 F.2d at 1361. Appellants believe these considerations are given more force and deserve reconsideration because of the huge increase in the number of public employees, both state and federal. See Brief for Appellants at 7. Changes in statistics, alone, however, are not enough to blunt the force of stare decisis. See United States v. Babich, 785 F.2d 415 (3d Cir., 1986) (special justification needed to depart from the doctrine of stare decisis).
 
 
 11
 At bottom then, we are left with the conclusion of the court in Crilly: "If we were legislators, we might want to extend coverage for the reasons already discussed. But we recognize that in the final analysis the issue in this case presents a legislative not a judicial problem, and we therefore defer to future congressional consideration." 529 F.2d at 1363. In the decade since we decided Crilly, Congress has been unwilling or unable to pass legislation clarifying the ambiguous "political subdivision" exception. See id. at 1357 n. 6 (at the time of the decision in Crilly, Congress was conducting hearings on the issue, which eventually came to naught). In view of this seemingly deliberate Congressional inaction, it is not now our province to relieve appellants of the burdens of the political subdivision exception.
 
 IV.
 
 12
 For the reasons discussed above, we are obliged to adhere to Crilly as precedent. Based on Crilly, we hold that the Water Department is a "political subdivision" and not an employer under the LMRA and that the union therefore does not represent "employees" for purposes of the LMRA. Consequently, the district court was without subject matter jurisdiction to act on appellants' complaint.[5]
 
 
 13
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 Section 301(a) of the LMRA states that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter ... may be brought in any district court of the United States having jurisdiction of the parties...." (emphasis added). Section 501(3) of the LMRA, 29 U.S.C. Sec. 142(3), incorporates by reference the definition of employer contained in Sec. 2(2) of the NLRA, 29 U.S.C. Sec. 152(2), thereby making this definition in Sec. 152(2) applicable to 29 U.S.C. Sec. 185. Section 152(2) states in pertinent part: "The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof...." (emphasis added)
 
 
 [2]
 Section 2(3) of the NLRA, incorporated into the LMRA at 29 U.S.C. Sec. 152(3), controls this issue. Section 152(3) defines "employee" for purposes of this subchapter of the LMRA, which includes Sec. 185, in pertinent part: "The term 'employee' ... shall not include any individual employed ... by any other person who is not an employer as herein defined."
 
 
 [3]
 Appellees raise the possibility that we do not have jurisdiction of this appeal. See Brief for Union Appellees at 4 n. 4; Brief for Water Department Appellees at 1. The order dismissing the claims against the Water Department was entered on October 1, 1985; appellants filed their notice of appeal on October 31; the district court dismissed the complaint as to the remainder of the defendants in its November 20 order. Although appellants appealed from the non-final October 1 order, see Fed.R.Civ.Pro. 54(b) (to be final, order must adjudicate rights of all parties), the district court's dismissal of the complaint against the remaining parties during the pendency of the appeal permits us to regard the appeal as an appeal from a final order, effective as to both the October and November orders. Presinzano v. Hoffman-LaRoche, Inc., 726 F.2d 105 (3d Cir.1984). Additionally, we hold that the notice of appeal fulfilled the specificity requirements of Rule 3(c), Fed.R.App.Pro
 
 
 [4]
 Appellants contend only that we should not apply Crilly on this appeal, not that the case is factually distinguishable from the matter before us
 
 
 [5]
 Appellants argue that the union remains a proper party defendant because the duty of fair representation is derived from federal labor laws. Thus, an action for breach of this duty remains regardless of the dismissal of the employer defendants. This argument is incorrect because appellants relied only on the LMRA for jurisdiction. Under the LMRA, appellants' claims against the union cannot survive the dismissal of the claims against the Water Department