**PEIFFER, Robert, Appellant,**

v.

**LEBANON SCHOOL DISTRICT.**

No. 87–5862.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) May 6, 1988.

Decided May 27, 1988.

Timothy D. Sheffey, Egli, Reilly, Wolfson, Sheffey and Schrum, Lebanon, Pa., for appellant.

George E. Christianson, Christianson & Meyer, Lebanon, Pa., for appellee.

Before HIGGINBOTHAM, STAPLETON, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Plaintiff Robert Peiffer appeals from an order entered on November 9, 1987 granting summary judgment to defendant Lebanon School District dismissing this action.[1]

The facts germane to this appeal are not in dispute. As a result of allegations made against him by a student, on April 22, 1987 Peiffer, a maintenance employee of the school district working at a junior high school, was questioned by a Lebanon Police Detective, Russel Miller, regarding possible acts of sexual misconduct and the display of pornographic materials. On the same day he was suspended with pay by the school district and two days later was charged with assault on and the corruption of the minor. On or about May 18, 1987 Peiffer was notified by the school administration that as a result of the incidents with the student there would be a hearing before the school board which could result in his dismissal.

At the hearing of May 28, 1987 Peiffer appeared with an attorney, Timothy D. Sheffey. The school board and school administration were represented by separate attorneys, with the administration attorney presenting the case. Sheffey objected to the hearing being held but was advised by the school board attorney that it would go forward and that he could cross-examine witnesses against his client and present witnesses himself. Sheffey then argued that the proceedings were not being conducted in accordance with state law. He also pointed out that the criminal charges were pending and argued that if Peiffer was to defend himself he would have to testify and give evidence that could be used against him at a criminal trial even though he had a privilege not to incriminate himself. Thus, Sheffey asked that the hearing be postponed until after resolution of the criminal matter. He also said that Peiffer would not participate in the hearing. After Sheffey's objections were overruled, he and Peiffer left the hearing which was then completed without them.

At the hearing William D. Starr, the superintendent of schools, testified as to his conversations with Peiffer regarding the student which supported the allegations of misconduct. Specifically, Peiffer admitted to some misconduct and to making pornographic materials available to the student, but did not admit that his conduct was intended to have a sexual dimension. In addition, Detective Miller testified that he recovered certain materials apparently owned by Peiffer at the school. They are reprinted in the record and may be regarded as obscene.

After the receipt of the evidence, the attorney representing the administration argued in summation that because of Peiffer's conduct with the student and his display of the materials he should be discharged. The board then adopted a motion unanimously discharging him. On June 8, 1987 the dismissal was made formal by the board at a public meeting. There is no suggestion in the record that Peiffer was discharged because he failed to testify or refused to waive his privilege against self-incrimination or even that any inference was drawn against him because he did not testify.

Peiffer subsequently brought this action in the district court. In his complaint, after setting forth the background of the case, Peiffer alleged that the attorney representing him in the criminal case forbid him from testifying at the May 28, 1987 hearing because his testimony could be used against him. He also indicated that he unsuccessfully requested a continuance of the hearing. He further asserted that the board did not grant him testimonial immunity or guarantee that his evidence would not be used against him nor did any police officer or prosecuting official. He set forth that he was discharged "based upon the allegations of conduct which were the same allegations providing the basis for the pending criminal proceedings against" him. He charged his rights under the Fifth and Fourteenth Amendments had

1. Our standard of review in this case involving a summary judgment motion is plenary. *Koshatka v. Philadelphia Newspapers, Inc.,* 762 F.2d 329, 333 (3d Cir.1985).

been violated. Peiffer sought reinstatement and damages.[2]

Judge Caldwell decided the matter in a comprehensive opinion reported at 673 F.Supp. 147 (M.D.Pa.1987). He held that Peiffer's Fifth Amendment rights were not violated as he did not testify. Thus Peiffer really was complaining about the "chilling effect" on the exercise of his constitutional rights as in Peiffer's view the board had "imposed upon him an impermissible choice between constitutional rights—his right to protect his job, and his right to remain silent in the face of criminal charges." *Id.* at 149. The judge pointed out, however, that the board discharged Peiffer for the conduct described in the allegations against him and thus he was not terminated because he asserted his constitutional rights. *Id.* at 150. Indeed the judge noted that there was no indication that the board drew any inferences from Peiffer's failure to testify. Further his procedural rights were protected as he was given a full opportunity to participate in the hearing with or without counsel. *Ibid.* Judge Caldwell also held that Peiffer did not have a due process right to a continuance of the hearing until the criminal trial was completed and that there was nothing unreasonable in the decision reached on the merits at the hearing. *Id.* at 150–51. Judgment in favor of the district was entered on November 9, 1987.

▉ On this appeal Peiffer contends, as set forth in his complaint, that the school district violated his Fifth Amendment privileges by failing to offer him immunity if he testified at the May 28, 1987 hearing. Thus in his view he was faced "with an unconstitutional choice between remaining silent or retaining his employment."[3] We, however, reject this contention. It is, of course, clear that there was no constitutional requirement that the board grant him a postponement of the

hearing pending disposition of the criminal charges. *See Afro–Lecon, Inc. v. United States,* 820 F.2d 1198, 1202 (Fed.Cir.1987); *Arthurs v. Stern,* 560 F.2d 477 (1st Cir. 1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978); *De Vita v. Sills,* 422 F.2d 1172, 1181 (3d Cir.1970). Nevertheless the board did not compel Peiffer to testify as it did not threaten him with a penalty if he refused to relinquish his privilege against self-incrimination. *See Minnesota v. Murphy,* 465 U.S. 420, 434–35, 104 S.Ct. 1136, 1146, 79 L.Ed.2d 409 (1984).[4] Accordingly, if Peiffer had testified he would have done so voluntarily. Therefore rather than being a case in which a public employee or contractor has been penalized for asserting his Fifth Amendment privileges (*see, e.g., Lefkowitz v. Turley,* 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)), the situation here is simply that Peiffer did not rebut evidence constituting grounds for his dismissal. Thus, we hold that his privileges were not infringed. *See Williams v. Florida,* 399 U.S. 78, 84, 90 S.Ct. 1893, 1897, 26 L.Ed.2d 446 (1970) ("That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination."). *See also United States v. Babich,* 785 F.2d 415 (3d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 123, 93 L.Ed.2d 69 (1986). Our result is not changed by the circumstance that Peiffer's choice as to how to proceed at the hearing could have impacted on the later criminal proceeding. *Gniotek v. City of Philadelphia,* 808 F.2d 241, 245 (3d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2183, 95 L.Ed.2d 839 (1987).

In view of the foregoing Peiffer was not entitled to an offer of immunity for any testimony that he might have given at the hearing for a grant of immunity need be no broader than the right a witness who is

---

2. Peiffer was later found not guilty of the criminal charges.

3. Peiffer supplies us with no citation to Pennsylvania law authorizing the district to grant him immunity. *But see Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation,* 426 F.2d

619, 626–27 (2d Cir.1970), *cert. denied,* 406 U.S. 961, 92 S.Ct. 2055, 32 L.Ed.2d 349 (1972).

4. Inasmuch as no inference was drawn by reason of Peiffer's failure to testify the question of whether it could have been is not before us. *See Arthurs v. Stern,* 560 F.2d at 478.

compelled to testify would otherwise have under the privilege against self-incrimination. *United States v. Apfelbaum,* 445 U.S. 115, 122–23, 100 S.Ct. 948, 953, 63 L.Ed.2d 250 (1980); *Gniotek v. City of Philadelphia,* 808 F.2d at 245 n. 6. As the school district did not compel any testimony Peiffer's Fifth Amendment privileges were not implicated and accordingly he was not entitled to a grant of immunity. In the circumstances, the order of November 9, 1987 will be affirmed.