**UNITED STATES of America,**

v.

**John POWELL, a/k/a Thomas Robinson John Powell,**
**Appellant.**

No. 02–1502.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Dec. 9, 2002.

Decided Jan. 31, 2003.

Before BECKER, Chief Judge, ROTH and SMITH Circuit Judges.

## OPINION

ROTH, Circuit Judge.

John Powell appeals a final judgment of conviction from the United States District Court for the Eastern District of Pennsylvania under which he was sentenced to 30 months imprisonment for violating supervised release. On December 3, 2001, at his Revocation Hearing before the District Court, Powell stipulated that he committed numerous Grade C violations of supervised release, including failing to report to his probation officer twelve times and having eleven positive urinalysis tests. A second revocation hearing was held on December 5 to determine if Powell had committed Grade A violations of supervised release. The basis for the Grade A violations was two arrests on drug charges. After hearing testimony by three Philadelphia police officers, the District Court found that Powell had violated his supervised release by committing the two Grade A violations and sentenced Powell to twenty-four months imprisonment under U.S.S.G. § 7B1.4.

Powell argues on appeal that the Government failed to prove by a preponderance of the evidence that he had committed the Grade A violations and that the District Court erred in sentencing him for Grade A violations. He also contends that the District Court erred in denying his Motion to Defer the Revocation Hearing until the state charges were tried.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's conclusions of law regarding sentencing applications and burdens of proof. *See United States v. Morelli*, 169 F.3d 798, 810 (3d Cir.1999) *citing United States v. Brink*, 39 F.3d 419, 421 (3d Cir.1994). We review the District Court's denial of Powell's Motion to Defer for abuse of discretion. *See,*

*e.g., United States v. Babich*, 785 F.2d 415, 416–17 (3d Cir.1986).

First, Powell contends that the Government failed to prove by a preponderance of the evidence during his revocation hearing that he had committed any Grade A violations. As Powell correctly acknowledged at the December 5, 2001, Revocation Hearing, he does not have the "same panoply of rights as in a criminal case." *See Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Therefore, defendants in revocation proceedings are subjected to a lesser standard of proof. The court may revoke supervised release if it finds by a preponderance of the evidence that a condition of the release has been violated, *i.e.,* here, by the commission of another crime. *See* 18 U.S.C. § 3583(e)(3), *United States v. Loy*, 237 F.3d 251, 260 (3d Cir.2001).

At the December 5, 2001 Revocation Hearing, two Philadelphia police officers testified that they had seen Powell selling drugs on two separate occasions. The District Court found the commission of the drug trafficking offenses to have been proven by a preponderance of the evidence. We conclude that the evidence before the District Court supported the conclusion that Powell had committed two Class A violations.

Powell argues, nevertheless, that the District Court inappropriately sentenced him to a Grade A violation without finding that he "intended to distribute" the controlled substances he admitted to possessing. There was, however, ample evidence of two Grade A violations in the testimony of the police officers that Powell was dealing drugs on both occasions.

Finally, Powell asserts several policy reasons for suggesting the District Court erred in denying his Motion to Defer the Revocation Hearing pending the state trials on the possession charges. The Dis-

trict Court has, however, full discretion to revoke a defendant's supervised release when it finds that the supervised release has been violated. *See e.g. United States v. Babich,* 785 F.2d 415, 416–17 (3d Cir. 1986). Furthermore, contrary to Powell's assertions, there is no constitutional requirement that the revocation hearings be postponed until after the state criminal proceedings have been completed. *Id.* at 416.

For the foregoing reasons, we will affirm the judgment of the District Court.