631 S.E.2d 913

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,**

**v.**

**Michelle WALTER, William Nelson, and Ricardo Pagan, Defendants,**

**of whom William Nelson is Appellant.**

**In the interest of Jane Doe, 02/25/1988, A minor under the age of 18.**

**No. 4125.**

Court of Appeals of South Carolina.

Submitted June 1, 2006.

Decided June 14, 2006.

---

4. We decide this case without oral argument pursuant to Rule 215, SCACR.

Fletcher N. Smith, Jr., of Greenville, for Appellant.

Harry LaDon Phillips, Jr., of Greenville, for Respondent.

Michael Anthony Andrews, of Easley, for Guardian Ad Litem.

PER CURIAM.

The issue presented in this appeal is whether William Nelson's due process and equal protection rights were violated by the fact that the family court intervention action proceeded to trial while related criminal charges were also pending against him.  We find no constitutional violation and affirm.[1]

---

1.  We decide this case without oral argument pursuant to Rule 215, SCACR.

## I.

In June of 2004, the South Carolina Department of Social Services brought a removal action against Michelle Walter, Ricardo Pagan, and William Nelson alleging that Walter and Pagan left Jane Doe,[2] a sixteen-year-old female, in the custody of Nelson, who sexually abused her and allowed her to smoke marijuana. At the family court probable cause hearing, Nelson appeared with counsel and raised concerns that he might not be able to testify due to pending criminal charges. The family court denied the request to hold the family intervention action in abeyance pending resolution of the criminal charges.

A trial was held, and the family court found that Nelson had sexually abused Doe. Nelson did not testify at the hearing. Nelson appeals.

## II.

Nelson argues on appeal that his equal protection and due process rights were violated by the family court's failure to hold the family court action in abeyance pending resolution of the related criminal charges. The essence of Nelson's position is that the pending criminal charges (and his right to remain silent) unduly and impermissibly influenced his decision whether to testify in the family court action and, more generally, his ability to defend himself against the family court abuse allegations, amounting to a constitutional violation.

Case law from other jurisdictions has uniformly rejected Nelson's constitutional challenge. *United States v. Kordel,* 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) (holding that simultaneous civil and related criminal proceedings do not constitute "unfairness and want of consideration of justice" requiring reversal of a criminal conviction); *Peiffer v. Lebanon Sch. Dist.,* 848 F.2d 44, 46 (3rd Cir.1988) (holding there was no constitutional requirement that the administrative hearing be postponed pending disposition of the criminal charges); *Wimmer v. Lehman,* 705 F.2d 1402, 1406–1407 (4th Cir.1983), *cert. denied,* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983) (same); *Hoover v. Knight,* 678 F.2d 578, 581 (5th

---

**2.** We use of the name Doe in light of the allegations and findings of sexual abuse.

Cir.1982) ("Many cases have held that parallel criminal and civil trials or investigations do not raise questions of constitutional magnitude with respect to the privilege against self-incrimination."); *Diebold v. Civil Serv. Comm' n of St. Louis County,* 611 F.2d 697, 700–01 (8th Cir.1979) (holding that the Fifth Amendment presents no obstacle to parallel criminal and administrative proceedings); *Arthurs v. Stern,* 560 F.2d 477, 478–80 (1st Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978) (holding that a physician accused of writing illegal prescriptions was not entitled, by virtue of his right to be free of coerced self-incrimination, to continuance of disciplinary proceedings until the criminal charges arising out of the same conduct were resolved); *Gabrilowitz v. Newman,* 582 F.2d 100, 104 (1st Cir.1978) (holding that the fact that parallel proceedings force a defendant to make a difficult choice as to whether to testify does not of itself violate the constitution); *United States v. Rubinson,* 543 F.2d 951, 961–62 (2nd Cir.1976), *cert. denied,* 429 U.S. 850 (1976) (holding that the Fifth Amendment right against self-incrimination was not prejudiced by a prior administrative proceeding based on the same facts); *State ex rel. Okla. Bar Ass'n v. Gasaway,* 863 P.2d 1189, 1195–98 (Okla.1993) (holding a continuance of lawyer disciplinary proceedings pending resolution of related criminal proceedings is not constitutionally required); *Giampa v. Ill. Civil Serv. Comm'n,* 89 Ill.App.3d 606, 44 Ill.Dec. 744, 411 N.E.2d 1110, 1116 (Ill.App.Ct.1980) (holding there is nothing inherently repugnant to due process in requiring a party to choose between giving testimony at a disciplinary hearing and keeping silent, even though giving testimony at the hearing may damage his criminal case and keeping silent will most likely lead to loss of his employment). Nelson cites no law to the contrary.

We are further mindful of the statutory mandate for an expedited resolution in family court intervention actions. A removal action should be resolved in an expedited manner for the protection of an abused or neglected child. S.C.Code Ann. §§ 20–7–610 and 20–7–736 (Supp.2005).

Nelson was present at the hearing and was represented by counsel. His decision whether to testify, while admittedly a difficult one for tactical reasons, did not implicate either the state or federal constitutions. Because no constitutional issue

was at stake, we review under an abuse of discretion standard the family court's denial of Nelson's motion to delay the intervention action. We find no abuse of discretion in the family court's denial of Nelson's motion.

**AFFIRMED.**

KITTREDGE, SHORT, and WILLIAMS, JJ., concur.