**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Sheila R., Michael D., and Betty D., Defendants,

Of whom Michael D. is the Appellant,

In the interest of two minor children under the age of 18.

Appellate Case No. 2012-209849

———————

Appeal From Anderson County
Tommy B. Edwards, Family Court Judge

———————

Unpublished Opinion No. 2013-UP-038
Submitted December 11, 2012 – Filed January 15, 2013

———————

**AFFIRMED**

———————

David J. Brousseau, of McIntosh, Sherard, Sullivan & Brousseau, of Anderson, for Appellant.

M.J. Goodwin, of the South Carolina Department of Social Services, of Anderson, for Respondent.

Brittany D. Tye, of Senerius & Tye, of Anderson, for Guardian ad Litem.

_____

**PER CURIAM:**  Michael D. (Father) appeals the family court's termination of his parental rights (TPR) to his two minor children (Children).  Father argues the family court erred in terminating his parental rights on numerous grounds.  We affirm.

The grounds for TPR must be proven by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 415, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 387, 709 S.E.2d 650, 653 (2011).  The burden is upon the appellant to convince this court that the family court erred in its findings.  *Id.* at 391, 709 S.E.2d at 655.

"In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence."  *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This broad scope of review does not, however, require the appellate court to disregard the findings of the family court."  *Id.*  "This degree of deference is especially true in cases involving the welfare and best interests of a minor child."  *Id.* at 62, 624 S.E.2d at 652.

1.  Father argues the family court violated his due process rights when it denied his motion to continue the TPR trial until his underlying criminal charges were resolved, so he could testify without invoking his right to remain silent.  We disagree.

"If good and sufficient cause for continuance is shown, the continuance may be granted by the court."  Rule 40(i)(1), SCRCP.  "The grant or denial of a continuance is within the sound discretion of the family court and its ruling will not be reversed on appeal absent an abuse of discretion."  *Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009).

We hold the family court did not abuse its discretion in denying Father's motion to continue. First, the family court did not violate Father's due process rights in denying Father's motion to continue. *See S.C. Dep't of Soc. Servs. v. Walter*, 369 S.C. 384, 386-88, 631 S.E.2d 913, 914 (Ct. App. 2006) (holding no due process violation where individual faced difficult tactical decision of whether to remain silent or testify in family court removal action arising from individual's sexual abuse of a minor child while facing pending criminal charges arising from the same incident (citing case law from other jurisdictions indicating parallel criminal and civil proceedings do not result in a constitutional violation)). Second, we find the family court afforded Father additional protections in the TPR proceeding because of his intellectual disabilities when it appointed a guardian ad litem (GAL) to protect his interests. *See Fleming v. Asbill*, 326 S.C. 49, 53, 483 S.E.2d 751, 754 (1997) ("The guardian ad litem functions as a representative of the court [that] appointed her to assist the court in properly protecting the interests of an incompetent person."). Father's GAL testified he did not believe it was in Father's best interest to testify at the TPR trial. Thus, although Father may have been unable to make the tactical decision whether to testify, Father's court-appointed GAL acted to protect Father's interests.

2. Father argues the family court violated his due process rights when it denied his motion *in limine* and allowed evidence concerning Father's sexual abuse of the children because it required Father to choose between testifying and remaining silent. We disagree.

"The admissibility of evidence lies within the sound discretion of the trial court whose decision will not be overturned on appeal absent a clear abuse of that discretion." *Watson ex rel. Watson v. Chapman*, 343 S.C. 471, 478, 540 S.E.2d 484, 487 (Ct. App. 2000). "An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support." *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005). "To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., there is a reasonable probability the [fact finder's decision] was influenced by the wrongly admitted or excluded evidence." *Id.*

We hold the family court did not violate Father's due process rights when it allowed evidence concerning Father's sexual abuse of the children. *See Walter*, 369 S.C. at 387, 631 S.E.2d at 914. Moreover, we hold clear and convincing evidence supports the family court's finding of TPR based on the ground that

Father harmed Children and, because of the severity or repetition of abuse, it is not reasonably likely the home can be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2011).

3. Father argues the family court erred by finding he suffers from a diagnosable condition unlikely to change within a reasonable time that makes him unable or unlikely to provide minimally acceptable care of the children. We decline to address this issue because it is not necessary for the disposition of this case. *See Stinecipher v. Ballington*, 366 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005) (stating once one statutory ground is met, this court need not address whether any other ground for TPR has been proven).

4. Father argues the family court erred in finding TPR was in the children's best interest because the family court impermissibly found the grounds for TPR. We disagree.

The family court may order TPR upon finding one or more of eleven statutory grounds is met and also finding TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011). The TPR statutes "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006). "In a TPR case, the best interests of the child are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "[A] child has a fundamental interest in terminating parental rights if the parent-child relationship inhibits establishing secure, stable, and continuous relationships found in a home with proper parental care." *S.C. Dept. of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

We hold the family court correctly found TPR was in Children's best interest. Children suffered significant trauma as a result of being sexually abused by Father and at the time of the TPR trial, over one year after they had been in DSS custody, the children still experienced paralyzing fear of Father. Children are now residing in a therapeutic foster home where they are making substantial improvements. Accordingly, we hold TPR is in Children's best interest.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.