**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Monique Jenkins, Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-002632

———————

Appeal From Dorchester County
James G. McGee, III, Family Court Judge

———————

Unpublished Opinion No. 2018-UP-055
Submitted January 2, 2018 – Filed January 31, 2018

———————

**AFFIRMED**

———————

Mary Patricia Crawford, of the Crawford Law Firm, LLC, of Walterboro, for Appellant.

Myra V. Whitener and Deanne M. Gray, both of Summerville, for Respondent.

Mary Lee Briggs, of Briggs & Inglese, LLC, of Charleston, for the Guardian ad Litem.

———————

**PER CURIAM:** Monique Jenkins (Mother) appeals the family court's removal order that denied her motion to continue the merits hearing and granted custody to the Department of Social Services. On appeal, Mother argues the family court erred by (1) denying her motion to continue the merits hearing based on exceptional circumstances and (2) making a final determination while bound by a prior family court order that denied her the right to due process. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. We find the family court did not err by declining to grant Mother's motion to continue. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011) (stating this court reviews factual and legal issues from a family court order de novo); S.C. Code Ann. § 63-7-710(E) (2010) (providing that a family court may grant a continuance that would result in the removal hearing being held more than thirty-five days after the removal petition was filed only if exceptional circumstances exist); *S.C. Dep't of Soc. Servs. v. Walter*, 369 S.C. 384, 387, 631 S.E.2d 913, 914 (Ct. App. 2006) ("A removal action should be resolved in an expedited manner for the protection of an abused or neglected child.").

2. We find the family court did not err by making a final determination while bound by a prior court order. *See Charleston Cty. Dep't of Soc. Servs. v. Father, Stepmother, & Mother*, 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995) ("There is a long standing rule in South Carolina that one judge may not overrule another judge of the same court."). We also note Mother's due process rights were not violated because she had sufficient time to prepare for trial and was not denied the opportunity to defend her interests or be meaningfully heard. *See S.C. Dep't of Soc. Servs. v. Beeks*, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997) ("Due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur."); *S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 452, 574 S.E.2d 730, 734 (2002) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.