### UNITED STATES of America,

v.

### Yolanda ROMAN, Defendant.

### No. CR. A. 98–334–14.

United States District Court,
E.D. Pennsylvania.

March 1, 2001.

Francis C. Barbieri, Jr., U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Joel P. Trigiani, Fed. Defender's Ass'n, Philadelphia, PA, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, Senior District Judge.

On February 17, 1999, Yolanda Roman was sentenced by this court to six months imprisonment to be followed by five years

---

of supervised release. Her term of supervised release began on June 11, 1999. Now before the court is the Probation Office's petition for revocation of Ms. Roman's supervised release. Upon consideration of the submissions of the parties, all the evidence of record, and after a hearing, the court makes the following findings of fact and conclusions of law.

*FINDINGS OF FACT*

1. Yolanda Roman was placed on five years supervised release by this court as part of her sentence for convictions for one count of conspiracy to distribute more than fifty grams of cocaine base and more than one kilogram of heroin and one count of possession with intent to distribute approximately 5.5 grams of cocaine base within 1,000 feet of a protected location. At sentencing it was determined that Ms. Roman's criminal history category was I. *See* Presentence Investigation Report (PSI) ¶ 68.

2. In addition to the general terms and conditions of supervised release, the court also imposed special conditions, including the requirement that the defendant participate in a program of testing and treatment for drug abuse, as directed by her probation officer, until such time as released from the program. Ms. Roman's probation officer required that she submit urine specimens on a weekly basis. From June 1999 to February 2000, Ms. Roman submitted eleven specimens that tested positive for cocaine metabolite, an indication of cocaine use. *See* Findings of Fact and Conclusions of Law of March 29, 2000.

3. On July 20, 1999, Ms. Roman was placed in outpatient treatment at New Journeys in Recovery, located in Philadelphia, Pennsylvania. Ms. Roman had difficulty starting treatment until November 1999, when she began attending treatment sessions three times a week as directed by her probation officer. From July to November, she continued to submit urine specimens that tested positive for cocaine metabolite.

4. On August 20, 1999, Ms. Roman participated in an Administrative Conference held by a Supervising U.S. Probation Officer, during which she was warned of the consequences of continued drug usage, including the possibility of revocation of her supervised release.

5. On December 1, 1999, as a result of defendant's continued drug use, her conditions of supervised release were modified to include home confinement with electronic monitoring for a period of six months.

6. On February 17, 2000, Ms. Roman entered an inpatient drug treatment program at Bowling Green, located in Kennett Square, Pennsylvania, and was discharged successfully from the program on March 18, 2000.

7. On March 29, 2000, the court held a hearing regarding Ms. Roman's violation of supervised release. The court found that the defendant had violated her conditions of supervised release, but continued the disposition of the matter for six months. *See* Order of March 29, 2000.

8. Ms. Roman was again required to submit urine specimens to the Probation Office on a weekly basis. Despite her participation in an outpatient drug treatment program, Ms. Roman submitted specimens that tested positive for cocaine metabolite on May 12, 2000, August 3, 2000, and August 18, 2000.

9. After a hearing on October 18, 2000, the court found that the defendant had again violated her conditions of supervised release. The court continued Ms. Roman's supervised release and imposed a special condition requiring her to attend a community treatment center on the weekends for three months. *See* Order of October 18, 2000.

10. Ms. Roman began serving her weekend sentence at the Kintock Group Comprehensive Sanction Center on December 8, 2000. During her second weekend at the center, Ms. Roman submitted a urine specimen that tested positive for cocaine metabolite. The Bureau of Prisons

has terminated Ms. Roman from the program for drug use.

11. Ms. Roman was required to submit weekly urine specimens to the Probation Office. She submitted specimens that tested positive for cocaine metabolite on November 30, 2000, and December 4, 2000.

*CONCLUSIONS OF LAW*

■ 1. The original offense for which the defendant was sentenced was a Class A felony, and, therefore, the penalty upon revocation of supervised release is limited to five years imprisonment. *See* 18 U.S.C. § 3583(e)(3). A court is required to revoke supervised release and impose a term of imprisonment for the possession of controlled substances by a defendant. *See id.* § 3583(g). Drug use, as indicated by urinalysis, is only circumstantial evidence of possession. *See United States v. Gordoen,* 961 F.2d 426, 429 (3d Cir.1992); *see also United States v. Blackston,* 940 F.2d 877, 885–86 (3d Cir.1991) (holding that a court may, but is not required to, base a finding of possession upon multiple positive urine specimens and other circumstantial evidence). Moreover, the court may except an offender who fails a drug test from the mandatory revocation provisions if a substance abuse treatment program is an appropriate alternative to imprisonment. *See id.* § 3583(d). While the court declines to make a specific finding that Ms. Roman possessed drugs based solely on her numerous positive urine samples, it notes that Ms. Roman has continued to use controlled substances despite participating in both inpatient and outpatient substance abuse programs. Therefore, an alternative sentence of treatment, rather than revocation of supervised release, is not appropriate.

2. In imposing a sentence for a violation of probation or supervised release, the court is directed to consider the applicable Sentencing Guidelines. *See* 18 U.S.C. § 3533(a)(4)(B). Defendant's continued drug use constitutes a Grade C violation of her supervised release. *See* U.S.S.G. § 7B1.1(a)(3). The range of imprisonment set forth in Section 7B1.4 for a Grade C violation by a defendant with a criminal history category of I is three to nine months. *See* U.S.S.G. § 7B1.4(a). However, the Third Circuit has held that the sentencing ranges set out in section 7B1.4 are not guidelines but rather policy statements and, therefore, are not binding on the sentencing court. *United States v. Schwegel,* 126 F.3d 551, 555 (3d Cir.1997).

3. When a term of supervised release is revoked and the defendant is sentenced to a term of imprisonment that is less than the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3), the court may include a requirement that the defendant be placed on a term of supervised release following imprisonment. The length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *See* 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2). The original term of supervised release authorized by statute for Ms. Roman's underlying offenses is at least eight years. *See* 21 U.S.C. §§ 841(b)(1)(B), 860(a); *see also* PSI ¶ 95.

4. A penalty of six months imprisonment is appropriate considering Ms. Roman's history of drug use and her failure to alter her behavior after repeated warnings and participation in treatment programs. The court will not reimpose a term of supervised release following the defendant's release from imprisonment.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 1st day of March, 2001, after a hearing, it is hereby **ORDERED** that defendant's supervised release is **RE-VOKED,** and defendant is committed to the custody of the Bureau of Prisons for a term of six (6) months. The court will not reimpose a term of supervised release fol-

lowing the defendant's release from imprisonment.

Defendant shall report to the institution designated by the Bureau of Prisons by 2:00 p.m. on a date not later than two weeks from the date of this Order.